Filed 8/8/13

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E055022 |
| v. | (Super.Ct.No. RIF10000472) |
| ARMANDO GUILLEN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Elaine M. Johnson, Judge. Affirmed.

Paul E. Zellerbach, District Attorney, and Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Respondent.

This is a People's appeal from an order of the trial court dismissing the restitution fines originally imposed on defendant and respondent Armando Guillen. Defendant was admitted to probation through a drug court program. Eventually, defendant successfully

1

completed his court-ordered drug treatment program, and the court terminated probation early.  The court dismissed all the charges, and suspended or dismissed all the imposed fines, including any restitution fines that had not been fully paid.  The People now appeal, contending that the trial court erred in suspending, dismissing or otherwise terminating the unpaid restitution fines.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2010, defendant was charged by a complaint with three offenses:  felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), felony sale or transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and misdemeanor driving while his license was suspended for driving under the influence of drugs or alcohol (Veh. Code, § 14601.2, subd. (a)).  Soon after being charged, defendant agreed to change his plea, and to plead guilty, in exchange for probation and admission to a drug court program.[1]  The court granted supervised drug program probation for 36 months and imposed various fines and fees, including payment of a restitution fine of $200, pursuant to Penal Code section 1202.4, subdivision (b).  The payment of the restitution fine was made a condition of defendant's probation.

From the outset, defendant progressed well and was promoted to the successive phases of the program in due course.  He was consistently rated as cooperative with the

_____

[1]  Approved by the voters on November 7, 2000, Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000," was codified in Penal Code sections 1210, 1210.2, and 3063.1 and division 10.8 (§ 11999.4 et seq.) of the Health and Safety Code. It provides for diversion to drug and alcohol treatment programs for offenders whose criminal offenses derive from abuse of alcohol or drugs.

ROC staff and peers, and enthusiastic in his participation in the program. He successfully completed family reunification and obtained employment. In January 2011, he celebrated a one-year anniversary of sobriety. In March 2011, he transitioned to the aftercare phase of the program. Throughout the approximately 20 months in the program, defendant was drug-tested 90 times, without a positive result. On September 14, 2011, after approximately six months in the aftercare phase of treatment, defendant graduated from the ROC program and the drug court terminated his probation early. The minutes recite that the court ordered "all fines suspended," and granted the defense motion under Penal Code section 1203.4, setting aside defendant's guilty pleas, and entering a plea of not guilty. The court thereupon dismissed the case.

At the hearing, defense counsel stated, "I make a motion to stay and suspend all fines and fees and dismiss the case pursuant to 1203 and the ROC contract." The prosecutor, however, stated, "Same objection as to the fines." The court implicitly overruled the People's objection and granted the defense motion "to set aside your plea, dismiss the charges, and terminate probation and suspend all fines and fees."

The People filed a notice of appeal from the ruling suspending all fines and fees.

ANALYSIS

I. Standard of Review

The issue presented is whether the trial court had the authority or discretion to suspend, dismiss, or otherwise do away with or terminate the restitution fine in defendant's case. The issue turns on the interpretation of the relevant statutory provisions and, thus, presents essentially an issue of law, which we review de novo: "[W]hen the

3

propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal." (*People v. Williams* (2010) 184 Cal.App.4th 142, 146; see also *In re Anthony M*. (2007) 156 Cal.App.4th 1010, 1016.) Questions of law are reviewed de novo. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311.) "Questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment." (*Jones v. Pierce* (1988) 199 Cal.App.3d 736, 741.) Accordingly, the standard of review is de novo.

## II.  The Trial Court Could Properly Suspend or Dismiss the Restitution Fines in the Context of Drug Court Early Termination of Probation

### A.  Background of the Law Concerning Victim Restitution and Restitution Fines

#### 1. *Legislative History:  Victims' Bill of Rights*

In June 1982, the electorate passed Proposition 8, known as The Victims' Bill of Rights.  Among other things, Proposition 8 declared a state constitutional right of crime victims to restitution from those persons convicted of crimes, which crimes caused losses to the victims.  (Cal. Const., art. I, § 28, subd. (b), par. (13)(A).)  In response to the new constitutional provisions, the Legislature amended some old statutes and enacted new ones to implement the right to restitution.  (See *People v. Giordano* (2007) 42 Cal.4th 644, 652.)

The statutes recognize two kinds of restitution:  (1) restitution fines (Pen. Code, § 1202.4, subd. (b)), which are not directly related to the amount of loss sustained by a victim, and (2) direct restitution to the victim (Pen. Code, § 1202.4, subd. (f)), which is based on the amount of the loss the victim actually sustained.  The purposes of the two

4

kinds of restitution are different. The imposition of a restitution fine is punishment. (See *People v. Kunitz* (2004) 122 Cal.App.4th 652, 656.) The purpose of direct victim restitution, however, is to reimburse the victim for economic losses caused by the defendant's criminal conduct, i.e., to make the victim reasonably whole. (*People v. Taylor* (2011) 197 Cal.App.4th 757, 763; cf. *People v. Phu* (2009) 179 Cal.App.4th 280, 283.) Secondary goals of direct restitution include rehabilitation of the defendant and deterrence of future criminality. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 57.)

There was no direct victim restitution ordered in this case. Rather, defendant was ordered to pay only a restitution fine, i.e., punishment. Restitution fines are not paid directly to the victims of crime. Rather, they are payable to the state. Restitution fines are deposited to the Restitution Fund. (Pen. Code, § 1202.4, subd. (e).) The Restitution Fund is in the State Treasury department, and is used to compensate victims for certain kinds of "pecuniary losses they suffer as a direct result of criminal acts." (Gov. Code, § 13950, subd. (a).)

Penal Code section 1202.4, subdivision (f)(11), provides that, "If a defendant has any remaining unpaid balance on a restitution order or fine 120 days prior to his or her scheduled release from probation or 120 days prior to his or her completion of a conditional sentence, the defendant shall prepare and file a new and updated financial disclosure . . ." to facilitate future enforcement of the remainder of the unpaid restitution or restitution fine. Penal Code section 1202.4, subdivision (i), provides that, "A restitution order imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment." Penal Code section 1202.4, subdivision (m), provides that, "In

5

every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation. Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied."

2. *Unpaid Portions of Victim Restitution and Restitution Fines Generally Survive, Even When the Defendant Is No Longer on Probation*

The complex intertwining of the various statutory provisions has resulted in the recognition that, in general, the Legislature intended the unpaid balance of restitution orders to survive a probationary term.

a. *A Restitution Fine Survives the Termination of Probation When Probation Is Revoked*

In *People v. Chambers* (1998) 65 Cal.App.4th 819, the Third District Court of Appeal considered the question with respect to restitution fines. When the defendant was first sentenced, the trial court had imposed a restitution fine of $200. Later, the court revoked the defendant's probation, and made a second order imposing a restitution fine of $500. The appellate court concluded that the trial court was not authorized to impose a second restitution fine, because the initial restitution fine survived the revocation of probation. The imposition of a restitution fine was mandatory upon conviction of a felony, whether or not the defendant was admitted to probation. (*Id*. at p. 821.) The restitution fine could be imposed as a condition of probation, if probation were granted. (*Id*. at pp. 821-822.) But, "[e]ven if the restitution fine was imposed as a condition of

6

probation, the statutes contemplated that it would survive the probationary term. For example, former Penal Code section 1202.4, subdivision (c), provided that if a restitution fine was imposed as a condition of probation but stayed, the stay would be lifted upon revocation of probation and imposition of sentence. While the restitution fine in this case was not stayed at the time probation was granted, it is apparent from the statutory scheme in existence in 1993 that it survived the revocation of the defendant's probation because (1) the court was required to impose a restitution fine regardless of whether probation was granted, and (2) former Penal Code section 1202.4, subdivision (c), exhibits the Legislature's intent not to void a restitution fine when probation is revoked. Furthermore, there was no provision for imposing a restitution fine upon revocation of probation and the triggering event for imposition of a restitution fine was conviction. (Former Gov. Code, § 13967; former Pen. Code, § 1202.4.)

"In 1994, the Legislature amended Government Code section 13967 and Penal Code section 1202.4, deleting the requirement of a restitution fine from section 13967 and incorporating it into section 1202.4. (Stats. 1994, ch. 1106, §§ 2, 3.) Present law still requires imposition of a restitution fine when a person is convicted of a felony, regardless of whether probation is granted. (Pen. Code, § 1202.4, subd. (b) [requirement of fine unless compelling and extraordinary reasons found].) If the defendant is granted probation, the court must make payment of restitution and the restitution fine conditions of probation. (Pen. Code, § 1202.4, subd. (m).) Restitution to a victim remaining unpaid at the end of the probationary term is enforceable against the defendant as if it were a civil judgment. (Pen. Code, §§ 1202.4, subd. (m), 1214.)

7

"There is nothing in the current statutory scheme to suggest any change in the Legislature's intent to have a restitution fine survive the revocation of probation. Indeed, the statutory scheme suggests otherwise. Restitution fines are required in all cases in which a conviction is obtained. Furthermore, there is no provision for imposing a restitution fine after revocation of probation. The triggering event for imposition of the restitution fine is still conviction. (Pen. Code, § 1202.4, subd. (b).)" (*Id*. at p. 822.)

*People v. Arata* (2004) 118 Cal.App.4th 195, was another decision of the Third District Court of Appeal, which reiterated the principles set forth in *Chambers*. *Arata* paralleled the events in *Chambers*: the defendant was admitted to probation in November 1999, at which time the trial court imposed a $600 restitution fine pursuant to Penal Code section 1202.4. (*Arata*, at p. 197.) The defendant thereafter violated his probation on several occasions and was reinstated on probation with modifications to the sentence or probation terms. Ultimately, the trial court revoked the defendant's probation and sentenced him to state prison for four years, lifting the stay of execution on the sentence. In addition, at the time the court sentenced the defendant to state prison, it ordered the defendant to pay a restitution fine of $800. (*Id*. at p. 201.) The defendant in *Arata*, like the defendant in *Chambers*, argued that the trial court erred in imposing a second restitution fine at the time of the state prison sentence, because it had already imposed a restitution fine at the time the defendant was granted probation. The *Arata* court stated, "Despite the fact that the restitution fine is imposed as a condition of probation, however, it survives the probationary term" (*ibid*.), citing its earlier decision in *Chambers*. (*People v. Chambers*, *supra*, 65 Cal.App.4th 819, 822.) "[B]ecause the first restitution fine

8

remained in effect, the trial court was without authority to impose the second restitution fine." (*Arata*, at p. 202.) Following *Chambers*, the court struck the second $800 restitution fine and left in force the $600 restitution fine originally imposed at the time of granting probation. If the defendant had paid the $600 restitution fine, he was entitled to credit for having paid it. If he had not paid the $600 restitution fine, then his obligation to pay continued during and, if necessary, after his prison term. (*Id*. at p. 203.)

Additional cases apply the same principles in similar contexts. In *People v. Kleinman* (2004) 123 Cal.App.4th 1476, the defendant struck a pedestrian with his car and fled the scene. In 1998, he pleaded no contest to a charge of hit and run, causing injury. The trial court granted probation, and imposed a restitution fine as a condition of probation, although it left the amount of the restitution fine open to future setting to allow the victim time to gather information on the amount of his medical costs and lost wages. In 2001, the trial court revoked the defendant's probation and issued a bench warrant. In 2003, the defendant waived his right to a probation violation hearing and admitted the violation of probation. The trial court sentenced the defendant to state prison for two years and ordered direct victim restitution in the amount of $9,000. On appeal, the defendant urged that the restitution order was no longer authorized at the time he was sentenced to state prison, on the view that "the gravamen of the hit and run offense is fleeing the scene, which did not cause [the victim's] injuries. The noncriminal accident did." (*Id*. at p. 1479.) The appellate court rejected the contention as without merit. In *People v. Carbajal* (1995) 10 Cal.4th 1114, the California Supreme Court had settled the question that victim restitution is properly imposed as a condition of probation for a hit

9

and run offense causing damage. A defendant may be ordered to pay restitution for the damage as a condition of probation. The *Kleinman* court declined to resolve the issue whether an order for restitution is proper for a hit and run conviction when the defendant is sentenced to state prison, because (1) the restitution condition had been properly imposed as a condition of the defendant's probation (as in *Carbajal*), and (2) the restitution originally imposed as a condition of probation survived the revocation of the defendant's probation (as in *Chambers* and *Arata*), notwithstanding that the specific amount of restitution had not been initially set at the time probation was granted.

In *People v. Urke* (2011) 197 Cal.App.4th 766, a more recent case, the appellate court again had occasion to hold that, when a defendant's probation is revoked, the mandatory restitution fine imposed as a condition of probation survives the revocation of probation, so that it is improper and beyond the trial court's authority to impose another restitution fine upon sentencing the defendant to state prison. (*Id*. at p. 779.)

In *People v. Cropsey* (2010) 184 Cal.App.4th 961, the trial court purported to "reimpose" a $200 restitution fine when it revoked and reinstated probation. The appellate court held that the trial court had not erred, because it had not imposed a second restitution fine; rather, it had effectively confirmed the same restitution fine originally imposed. The *Cropsey* court noted that the language purporting to "reimpose" a restitution fine was inconsistent with the principle of *Chambers* and *Arata*, that the restitution fine originally imposed survives the revocation of probation, and continues in effect. "Simply stated, there is no need to reimpose an extant restitution fine." (*Id*. at p. 966.) "Where a restitution fine(s) has been previously imposed, the trial court should

10

simply say, 'The abstract of judgment should reflect the restitution fine(s) previously imposed.'" (*Ibid*.)

All these cases highlight the general principles that (1) imposition of restitution orders (victim restitution and a restitution fine) is mandatory, (2) when a defendant is granted probation, any such mandatory restitution fine must be made a condition of probation, and (3) the mandatory restitution fine continues in force even if a defendant's probation is revoked.

b. *A Restitution Fine Survives the Termination of Probation When a Probationer Completes the Probationary Term*

All of the cited cases concern the survival of the restitution fine when probation is revoked, and the defendant is sentenced to state prison. None has applied the stated principles in a context where the probationary term has been successfully served (expired) without revocation.

Defendant argues that the principle articulated in the cited cases – i.e., that the restitution fine survives a revocation of probation – is not applicable to the question whether the trial court has the authority to suspend the payment of the restitution fine upon the termination of a successful term of probation. The District Attorney contends, on the other hand, that the survival of the restitution fine upon the unsuccessful termination of probation should apply equally in cases where a defendant completes probation successfully: "[I]t is a logical corollary [to the survivability of the restitution fine on the revocation of probation] that a trial court does not have authority to suspend any unpaid balance of the restitution fine upon a defendant's successful completion of

11

probation. Otherwise, the 'survivability' of the restitution fine after probation would be negated. . . . [¶] Defendant is correct that procedural circumstances in each of the four cases cited by the People are not identical to the procedural circumstances in the instant case. However, that observation does not detract from the proposition that a restitution fine survives the probationary term."

We agree with the People's contention that, in principle, a mandatory restitution fine will survive after the end of a period of probation, regardless of whether the probation was terminated negatively (e.g., revocation) or positively (successfully completed). Even though the cited cases all concerned revocation of probation, we discern in *Chambers* and *Arata* the legislative basis for the survivability of the restitution fine: i.e., the conviction itself.

As the court made clear in *Chambers*, imposition of a restitution fine is mandatory, whether or not the defendant is granted probation. The imposition of a restitution fine is required unless compelling and extraordinary reasons are found to overcome the requirement. Restitution to a victim remaining unpaid at the end of a probationary period is enforceable against the defendant as if it were a civil judgment. Penal Code section 1202.4, subdivision (f)(11), expressly provides that a probationer approaching the expiration of the probationary period (120 days) must file an updated financial disclosure statement, in direct contemplation of the continuing obligation to pay, even after probation has ended. All these factors show the legislative intent to have the restitution fine survive the probationary period, not merely to survive a revocation of

probation. "*The triggering event* for imposition of the restitution fine *is still conviction.*" (*People v. Chambers*, *supra*, 65 Cal.App.4th at p. 822, italics added.)

*Arata* similarly articulates that, "when a person *is convicted* of a felony, a restitution fine must be imposed, irrespective of whether probation is granted." (*People v. Arata*, *supra*, 118 Cal.App.4th at p. 201, italics added.) Thus, both probationers and defendants who are not granted probation are subject to mandatory imposition of a restitution fine. The difference is that the restitution fine must also be made a condition of probation for any defendant admitted to probation. The mandatory orders for restitution are made part of the conditions of probation because "[f]ailure to do so would lead to successful probationers avoiding the mandatory nature of subdivision (b)." (*Id*. at p. 203.)

Under the statutes, the defendant is responsible to pay whatever portion of the restitution fine remains unpaid, even after completion of probation or prison sentence. As the *Arata* court noted, "a restitution fine imposed as a condition of probation survives a subsequent revocation *and state prison commitment*. [Citation.] Defendant is either entitled to credit for its payment or is responsible for paying it *during and, if necessary, after his prison sentence.*" (*People v. Arata*, *supra*, 118 Cal.App.4th at p. 203, italics added.)

A criminal conviction is therefore clearly demarcated as the event that brings into existence the mandate to impose a restitution fine. It is also the basis upon which the mandated restitution order remains in force following a period of probation and after a prison sentence has been completed.

13

B.  General Principles Applicable to Dismissal of a Charge Under Penal Code Section 1203.4

Penal Code section 1203.4 provides in part:  "(a)(1)  In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation . . . be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code.  The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon.  . . .  However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.  The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.  [¶]  (2)  Dismissal of an

14

accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6. [¶] (3) Dismissal of an accusation or information underlying a conviction pursuant to this section does not permit a person prohibited from holding public office as a result of that conviction to hold public office. . . ."

1. *Three Scenarios for Relief Under Penal Code Section 1203.4*

There are three circumstances in which a defendant may apply for relief under Penal Code section 1203.4: if, "(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief." (*People v. Butler* (1980) 105 Cal.App.3d 585, 587.)

Under either of the first two scenarios, the defendant is entitled as a matter of right to the dismissal of the charge. (See *People v. Chandler* (1988) 203 Cal.App.3d 782, 788 ["a defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant"]; *People v. Butler*, *supra*, 105 Cal.App.3d at p. 589 ["Once probation is terminated early, a later judge who is requested to grant relief under section 1203.4 is without discretion to deny relief"].) Under the third scenario, the court

15

exercises its discretion whether to grant relief in the interests of justice. (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574 ["The last [scenario] requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted"]; *People v. Butler*, *supra*, 105 Cal.App.3d at p. 587 ["A grant of relief in the third situation is clearly discretionary"].)

     a. *First Scenario: Fulfillment of Conditions of Probation for the Entire Probationary Period*

Qualification for relief under the first scenario—fulfilling the conditions of probation during the entire probationary period—requires exactly that: fulfillment of *all* the conditions of probation throughout the *entire* period of probation. Any violation of any of the probationary terms will disqualify a probationer from seeking dismissal under the first scenario.

In *People v. Chandler*, *supra*, 203 Cal.App.3d 782, for example, the Court of Appeal held that a probationer who had not fully paid all of the court-ordered restitution by the end of his probationary period had "not met the statutory requirement of fulfilling 'the conditions of his probation for the entire period thereof.' " (*Id*. at p. 789) The trial court could therefore properly deny a motion for dismissal of the charge under the first scenario.

Similarly, in *People v. McLernon*, *supra*, 174 Cal.App.4th 569, a single positive drug test during the probationary period disqualified the defendant there from mandatory relief under the first scenario. (*Id*. at pp. 574-575.)

16

*People v. Butler*, *supra*, 105 Cal.App.3d 585, an earlier case than *Chandler*, likewise held that the failure to pay the full amount of restitution disqualified the defendant from relief under the first scenario:  "Butler does not contend he fulfilled all the conditions of his probation.  One of the conditions required him to pay $2,500 in restitution to the victim of his grand theft within four years.  Within that four-year period he paid only $530." (*Id*. at p. 587.)  However, the failure to pay restitution in full was no impediment to mandatory relief under scenario two.

*b.  Second Scenario:  Termination of Probation and Discharge Before the Period*

*of Probation Has Expired*

The second scenario, which also qualifies the probationer for mandatory dismissal of the charge, requires a termination of probation and discharge before the probationary period has expired.

The defendant in *Butler* recognized that he did not qualify for relief under the first scenario, because he had not completely paid all the ordered restitution.  "Rather, he contends he is entitled to relief for having been discharged from his probation early." (*People v. Butler*, *supra*, 105 Cal.App.3d at p. 587.)  There, near the end of the defendant's original probationary period, the trial court had modified his probation by extending it an additional six months, and by adding a new condition:  The defendant was required to be medically examined to determine whether he was totally disabled.  The defendant underwent the examination, and the medical report did state that he was totally disabled.  The court terminated the defendant's probation, ending it three months before the extended termination date.  It was immaterial that the termination did not come prior

17

to the expiration of the original termination date; the original termination date "no longer exist[ed]" (*id.* at p. 588) after the trial court extended the probationary period. The authority to terminate probation early "is found in section 1203.3. It allows a court to terminate probation at any time 'when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it . . . .' The order terminating probation states 'good cause exists to terminate probation.' The judge believed Butler should be relieved from the restrictions of his probation. This decision is final. The People cannot now, in effect, collaterally attack the propriety of the judge's decision to terminate early. Once probation is terminated early, a later judge who is requested to grant relief under section 1203.4 is without discretion to deny relief. The relief requested should have been granted in this case." (*Id*. at p. 589.) The defendant was therefore entitled to have his conviction dismissed under the second scenario.

*People v. Hawley* (1991) 228 Cal.App.3d 247 followed *Butler*. In *Hawley*, the defendant had been placed on probation and had some early problems complying with all the terms. He was arrested for burglary but the victim declined to prosecute, and he was also charged with driving under the influence, though that charge was later dismissed for lack of evidence. After these early lapses, however, the defendant performed well on probation and received favorable reports. The defendant remained arrest-free, paid his restitution fine in full, and completed therapy. The trial court terminated the defendant's probation early, and the defendant applied for " 'release from penalties and dismissal' under section 1203.4. The court denied the petition on the sole ground that the 'nature of the offense [nonforcible sodomy of a person under age 18] is just too serious.'" (*Id*. at

18

p. 249.) The appellate court reversed, holding that the defendant was entitled to relief as a matter of right if he met the conditions prescribed in the statute. The defendant did not purport to apply under the first scenario, as he had not been able to show complete compliance with all terms of probation throughout the entire term. He did show, however, that probation had been terminated early. He was therefore entitled to have the plea changed to not guilty and the charge dismissed, regardless of the seriousness of the charge.[2] (*Id.* at p. 250, fn. 4. ["the seriousness of the original offense was wholly irrelevant"].)

In *Chandler*, just as the defendant did not qualify for relief under the first scenario, he also did not qualify under the second scenario, because he had not been discharged prior to the termination of probation. Instead, one day before his probation was set to expire, the trial court revoked probation to retain jurisdiction; it then set a hearing on violation of probation two months later. At the revocation hearing, the trial court reinstated, and then terminated the defendant's probation. (*People v. Chandler*, *supra*, 203 Cal.App.3d at p. 790.) The defendant's probation was thus terminated in effect by expiration on the last day, and he did not meet the statutory criterion of having been "discharged *prior* to the termination of the period of probation." (Pen. Code, § 1203.4, subd. (a), italics added.)

---

[2] Some offenses are expressly excluded from relief under Penal Code section 1203.4. Among these is an offense under Penal Code section 286, subdivision (c) (sodomy of a person under age 14 by a person at least 10 years older, or forcible sodomy). The offense in *Hawley* was under Penal Code section 286, subdivision (b).

19

"Like defendant [i.e., Chandler] in the case before us, the probationer in *Butler* failed to pay a substantial portion of the court-ordered restitution. But unlike defendant here, the defendant in *Butler* never contended he had fully complied with the terms of probation. Instead, the latter claimed that because the trial court had terminated probation three months before its expiration, he was entitled to a dismissal under Penal Code section 1203.4. The reviewing court agreed, holding that once probation is terminated early, a trial court has no discretion to deny relief under section 1203.4. [Citation.] In so holding, the *Butler* court followed the statutory mandate to grant relief in any case in which a defendant 'has been discharged prior to the termination of probation.' That situation is not present here, where the trial court *terminated probation at the end of the probationary period and at no time excused defendant from complying with the conditions of probation prior to the termination of probation*." (*People v. Chandler*, *supra*, 203 Cal.App.3d at p. 790, italics added.)

c. *Third Scenario: Discretionary Relief in the Interests of Justice*

In *People v. McLernon*, *supra*, 174 Cal.App.4th 569, the defendant had been convicted of possession of a controlled substance for sale. He was placed on probation. In 1995, he had one violation of probation when he tested positive in one of his drug tests. After that, however, he remained clean and sober, and he paid all fines and costs ordered by the court. In 2001, he filed his first motion to dismiss the conviction under Penal Code section 1203.4. The court denied the motion in a minute order, which did not recite the reason for denial. The defendant moved a second time for relief in 2007. This time, he filed with a Judicial Council form, but it was incomplete in various respects

20

(e.g., no proof of service, omitted date of conviction, the statement of assets was not signed or dated). The trial court again denied relief; this time the minute order recited, " 'Defendant's petition for expungement is denied. [¶] Petition was previously submitted and denied on March 6, 2001 due to unsatisfactory performance on probation.'" (*Id.* at p. 573.) The defendant later submitted a third petition for relief; for the first time, the petition identified the discretionary "interests of justice" ground as the basis for his request to dismiss his conviction. The third motion attached the defendant's declaration, to the effect that he had only suffered the one conviction, he was not currently facing charges or serving any sentence, he had paid all fines and costs, he had tested positive during one drug test in 1995, but he had completed a 90-day treatment program and had remained drug-free since that time. He also averred the positive steps he had taken in his employment and personal circumstances (professional employment as an architect, he was married with four children). He wanted to be able to join professional associations, to serve as a volunteer at a local high school, and participate in elective office; these were the reasons he sought relief from the conviction. The trial court summarily rejected the third petition, stating that it had previously been presented and denied in 2001 and 2007. (*Id.* at pp. 573-574.)

The appellate court reversed and remanded with directions that the court consider the merits of the defendant's petition for discretionary relief. The denials of the first two petitions were assertedly for the defendant's unsatisfactory performance on probation. That "unsatisfactory" performance on probation consisted, so far as the record showed, solely of the single positive drug test during the probationary period. That positive test

did effectively preclude the defendant from showing that he qualified under the first scenario—having successfully complied with all the terms of probation for the entire probationary period. He was also disqualified from relief under the second scenario, as his probation had not been terminated early. However, he was eligible to apply for discretionary relief. The trial court had patently failed to consider the matter as one of discretion and, thus, the case was ordered remanded with directions to reconsider the motion on the discretionary ground. The appellate court held that a court considering a discretionary motion was not limited to consideration solely of a defendant's conduct during the probationary period. "The statute simply states that relief is available in the court's discretion in the interests of justice." (*People v. McLernon*, *supra*, 174 Cal.App.4th at p. 575.) The court held that, "[I]n determining whether to grant relief under the discretionary provision, the trial court may consider any relevant information, including the defendant's postprobation conduct." (*Id.* at p. 577.) Indeed, the amendment that had added the third scenario, under which a probationer could apply for discretionary relief under Penal Code section 1203.4, was enacted in response to a similar case of postconviction rehabilitation: "[T]he amendment was requested by the attorney for a defendant who, after a probation violation, completed his probation with no further violations, raised his child alone, and then went to college, worked without pay for the State Parole Board, and was trying to become a social worker. Although the trial court in his case expressed a desire to grant relief under section 1203.4, it concluded it could not do so because of the defendant's parole [*sic*: probation] violation. The amendment to

22

section 1203.4 was designed to give courts the ability to grant relief in these circumstances." (*Id*. at pp. 576-577.)

2. *Effects or Consequences of Granting Relief Under Penal Code Section 1203.4*

The "release[] from penalties and disabilities" provided in Penal Code section 1203.4 is sometimes referred to as "expungement" of the conviction. The People correctly point out, however, that Penal Code section 1203.4 does not, strictly speaking, "expunge" the conviction, nor render the conviction "a legal nullity." (See *People v. Frawley* (2000) 82 Cal.App.4th 784, 791.) For example, charges dismissed under Penal Code section 1203.4 may be treated as convictions for some purposes (e.g., impeachment with prior conviction in a future prosecution). However, the "release[] from penalties and disabilities" is a palpable benefit, such that the conviction may be treated as if it were not a conviction for most purposes.

Penal Code section 1203.4, subdivision (a), provides that probationers who meet the requisite criteria shall have the charge dismissed, "and *except as noted below*, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ." (Italics added.) The specific exceptions are contained within Penal Code section 1203.4, as follows: A defendant is released from penalties and disabilities, "except as provided in Section 13555 of the Vehicle Code. . . . [In addition], in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order [of dismissal] shall state, and the probationer shall be informed, that the order

does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission. [¶] (2) Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6. [¶] (3) Dismissal of an accusation or information underlying a conviction pursuant to this section does not permit a person prohibited from holding public office as a result of that conviction to hold public office." (Pen. Code, § 1203.4, subd. (a).)

Penal Code section 290.007 also specifically excepts the sex registration requirement (Pen. Code, § 290) from relief under Penal Code section 1203.4. " 'California decisions have established that the "penalties and disabilities" resulting from conviction, from which a probationer may be released pursuant to . . . section 1203.4, do not include nonpenal restrictions or qualifications imposed for public protection, such as licensing of attorneys [citation], physicians [citation], and vendors of alcoholic beverages [citation]; qualification for employment as a peace officer [citation]; and the regulation of participants in parimutuel wagering [citation].' [Citations.]" (*Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1114.) "Further, United States Supreme Court precedent establishes that a retroactive measure requiring the disclosure of sex offender information on a Megan's Law Web site such as that required under California law is protective rather than punitive, and imposes no affirmative

24

disability on the offender." (*Ibid*.)  In addition, unlike the matter of fines and fees, mandatory lifetime sex registration is not a permissible subject of plea agreement negotiation.  (*In re Watford* (2010) 186 Cal.App.4th 684, 690.)

All of these exceptions to relief under Penal Code section 1203.4 are either express exceptions, or have been determined to fall outside the category of criminal penalties and disabilities.  As to other consequences, however, a defendant who is granted relief under Penal Code section 1203.4 is entitled to treat the dismissal of the charges, for most purposes, as an obviation of the conviction.

In *People v. Arata* (2007) 151 Cal.App.4th 778,[3] the defendant appealed from denial of his motion under Penal Code section 1203.4 to allow him to withdraw his plea and have the charge dismissed.  The issue was whether relief under Penal Code section 1203.4 was a part of the plea bargain agreement the defendant had made, and whether denial of relief would be a significant variation from the terms defendant had agreed to in his plea bargain.  The appellate court ruled in the defendant's favor, remarking that, even though the relief from disabilities was not complete (e.g., dismissal under Pen. Code, § 1203.4 would still require registration as a sex offender, allow impeachment with the dismissed charge in a future trial, disqualify the defendant from firearm possession, and require disclosure of the former conviction to state or local licensing agencies), it nevertheless conferred a significant benefit to the defendant.  "While the '[r]emoval of

---

[3] *People v. Arata*, *supra*, 118 Cal.App.4th 195, decided by the Third District Court of Appeal in 2004, involves a different person (Joseph Peter Arata) from *People v. Arata*, *supra*, 151 Cal.App.4th 778 (David Louis Arata), decided in 2007, also by the Third District Court of Appeal.

the blemish of a criminal record' [citation] is not complete, it is still a 'reward.' [Citation.] At the time of the plea it would have enabled defendant to file a petition for a certificate of rehabilitation at the earliest possible time. (§ 4852.01, subd. (c).) It would also have enabled defendant to 'truthfully represent to friends, acquaintances and private sector employers that he has no conviction.' (*People v. Acuna* [(2000)] 77 Cal.App.4th [1056] 1060.)" (*People v. Arata*, *supra*, 151 Cal.App.4th 778, 788.)

This dictum in *Arata* may overstate the case somewhat, but the relief from penalties and disabilities for most purposes places a defendant who has had a conviction dismissed under Penal Code section 1203.4 on a different footing from other convicted persons. For one thing, it is offered only to those defendants who are admitted to probation. (See *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1780 ["Section 1203.4 applies only to that category of persons who have been admitted to probation and not committed to prison, CYA, or other state institutions"].) Among those admitted to probation, the defendants entitled to relief are further limited to those probationers who succeed in one of the three specific ways identified *ante* (completion of all terms throughout the period of probation, early termination and discharge, relief would be in the best interests of justice).

" 'A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so [citations].' [Citation.]" (*People v. Field* (1995) 31 Cal.App.4th 1778, 1787.) "The purpose and hope [of granting probation] are,

26

of course, that through this act of clemency, the probationer may become reinstated as a law-abiding member of society. Removal of the blemish of a criminal record is the reward held out through the provisions of Penal Code, section 1203.4, as an additional inducement. The obvious purpose is to secure law compliance through an attempt at helpful cooperation rather than by coercion or punishment." (*People v. Johnson* (1955) 134 Cal.App.2d 140, 143.)

In the instant case, the principles applicable to restitution fines, and their persistence after the defendant is no longer on probation, intersect with the principles applicable to Penal Code section 1203.4, and the release from penalties and disabilities relating to a conviction. We now discuss the interplay of these two lines of analysis as they converge in defendant's case.

C. The Suspension or Dismissal of the Unpaid Portion of the Restitution Fines Was Proper

We conclude that the trial court in this case did have the authority to suspend, dismiss, or otherwise eliminate the enforcement of the remaining unpaid portion of the restitution fines. There are three potential theories that could support the dismissal of unpaid portions of a restitution fine in a given case.

First, relief from payment of the restitution fine might be a material term of the plea bargain. If relief from payment of the restitution fine is a material term of a defendant's plea bargain, then the promise of relief should be honored. This theory is not explicitly applicable in this case. Where a stay of payment of the restitution fine has been made part of the terms and conditions of a defendant's probation, there could be at least

27

the implicit promise that such stay would become permanent upon successful completion of probation.  Here, the court did not stay payment of the restitution fine on defendant's entry into the plea and probation.  Relief from payment of the restitution fine was not an express or implied term of defendant's plea bargain in this case.

Second, even the statute providing that a restitution fine is expressly mandated, Penal Code section 1202.4, subdivision (c), contains an exception to imposition of the mandatory fine:  "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  Financial inability to pay is not a proper "compelling and extraordinary reason" for not imposing a restitution fine.  (Pen. Code, § 1202.4, subd. (c).)  In this case, however, this exception is unavailable, because the trial court did not purport to find a compelling or extraordinary reason for not imposing the restitution fine.  It did not suspend imposition of the fine on the basis of Penal Code section 1202.4, subdivision (c).

The third theory for dismissal, suspension, or elimination of the restitution fine is that the release from penalties and disabilities of the conviction includes release from imposition of a restitution fine.  The restitution fine, which is triggered by and founded upon a conviction of a criminal offense, is a "penalty or disability" arising from the conviction of the offense.  When relief under Penal Code section 1203.4 is granted, the court allows the verdict or plea to be withdrawn, and the charge is then dismissed.  This places the probationer who qualifies for relief under 1203.4 on a different footing from other probationers whose probation is terminated either by revocation or by completion of the probationary term.  In both of these other circumstances, in which the restitution

28

fine survives, the conviction and charge also remain intact for all purposes. By contrast, when relief is granted under Penal Code section 1203.4, the charge itself is dismissed; this dismissal of the charge is intended, to the extent possible, to restore the probationer to the status of a person who has not suffered a conviction. (See *People v. Field*, *supra*, 31 Cal.App.4th 1778, 1787 [grant of relief under § 1203.4 is intended to mitigate the consequences of conviction and, "with a few exceptions, to restore him [or her] to his [or her] former status in society to the extent the Legislature has power to do so"]; *People v. Johnson*, *supra*, 134 Cal.App.2d 140, 143 [purpose of granting probation is to help the probationer become "reinstated as a law-abiding member of society," and "[r]emoval of the blemish of a criminal record" is an additional reward if the probationer complies with § 1203.4].)

Restitution fines are punishment. (*People v. Hanson* (2000) 23 Cal.4th 355, 361 ["the Legislature intended restitution fines as punishment"].) As such, restitution fines constitute an undeniable "penalty or disability" attached to the conviction of an offense. Penal Code section 1203.4 expressly provides not only that the verdict be set aside, and the accusations or information against the defendant dismissed, but also that, "except as noted below," – i.e. with limited express exceptions – "he or she *shall thereafter be released from all penalties and disabilities resulting from the offense* of which he or she has been convicted . . . ." (Pen. Code, § 1203.4, subd. (a)(1), italics added.) Inasmuch as a restitution fine is a penalty or disability resulting from the offense, and it is not one of the provided-for exceptions to the "release from all penalties and disabilities resulting from the offense," then it follows that a restitution fine is a "penalty or disability" from

29

which the successful probationer is released, when relief under Penal Code section 1203.4 is granted.

Preliminarily, we address the question whether the trial court here properly granted defendant's motion for relief under Penal Code section 1203.4. In other words, did defendant properly qualify under one of the three scenarios for relief under Penal Code section 1203.4? We conclude that he did.

1. *Defendant Was Properly Granted Relief (Mandatory Dismissal of the Charge) Under Penal Code Section 1203.4*

In this case, defendant was admitted to the ROC drug treatment program after pleading guilty to his current charges. Throughout his drug court probation, defendant performed very well, and received consistent positive reports from the program administrators. Eventually, defendant successfully completed all five phases of the program, including a total of approximately 20 months of sobriety, with at least six months in the aftercare phase. He was recommended for graduation from the program. Accordingly, on September 14, 2011, the court terminated defendant's probation early. Defense counsel moved immediately for relief under Penal Code section 1203.4; the trial court granted the motion. The court accepted a change of plea to "not guilty," and dismissed the entire case.

The motion was properly granted. Clearly, as in other cases discussed, *ante*, defendant did not qualify for mandatory relief under the first scenario. He had not fulfilled all the terms of his probation during the "entire" probationary period. (See, e.g.,

30

*People v. Chandler*, *supra*, 203 Cal.App.3d at p. 789.)  For one thing, defendant had not paid the court-ordered restitution fine, $200.**4**

Defendant did, however, come within the second scenario.  His probation was ended early, and he was discharged from probation before the regular termination date.  Unlike the requirements of the first scenario, a defendant is not required to have successfully fulfilled all the terms of probation for the entire probationary period in order to qualify for relief under Penal Code section 1203.4.  Once the trial court had terminated defendant's probation prior to the termination date, the court had no further discretion to deny a motion for relief under Penal Code section 1203.4.  (*People v. Butler*, *supra*, 105 Cal.App.3d at p. 589.)

The District Attorney concedes that the trial court "did not commit error by granting relief under section 1203.4 . . . ."

2.  *The Restitution Fine Was Properly Suspended Because Defendant was entitled to be "Released From All Penalties and Disabilities Resulting From the Offense"*

After the motion under Penal Code section 1203.4 was granted, defendant was "released from all penalties and disabilities resulting from the offense" (Pen. Code, § 1203.4, subd. (a)), albeit with certain exceptions.

Even though the statutory relief is not a true or complete expungement of the conviction, it is a substantial benefit, and restores the probationer in most respects to

---

**4** At the People's request, the record was augmented to include a document showing the payments defendant had made on the various fees and fines imposed at sentencing.  This document shows that defendant made no payments on any of the fines and fees.

31

preconviction status. The relief takes the form, in part, of dismissal of the charge, and the probationer is, for most purposes, thereafter restored to his or her former (preconviction) status in society. (*People v. Field*, *supra*, 31 Cal.App.4th at p. 1787.) The dismissal of the accusations and information functions, with a few exceptions, as a removal of the blemish of a criminal record. (*People v. Johnson*, *supra*, 134 Cal.App.2d at p. 143.) Consonant with the legislative intent to "remove the blemish of a criminal record," not only is the charge dismissed, but the successful probationer is expressly released from all, except a specified few, consequences attendant on the conviction. Payment of a restitution fine is not one of the exceptions to the release from "penalties and disabilities" resulting from the offense.

As our analysis of the history of victim restitution and restitution fines makes clear, the trial court's duty to impose a mandatory order for victim restitution and a restitution fine is triggered by the conviction of an offense. (*People v. Chambers*, *supra*, 65 Cal.App.4th at p. 822; accord, *People v. Arata*, *supra*, 118 Cal.App.4th at p. 202.) A restitution fine survives the revocation of probation because the conviction of a criminal offense remains extant for all purposes. Even if a probationer completes probation and is discharged, the accusation or information, the verdict and the conviction of an offense, all will still stand. In neither situation does any statute provide expressly for vacation of the verdict, dismissal of the charges, and release from any penalties and disabilities resulting from the offense. These situations are clearly distinguishable from the circumstances here, where relief from penalties and disabilities has been expressly provided by statute.

The People argue that because, generally, "The restitution fine survives the probationary term," California Victim Compensation and Government Claims Board (Board) must be allowed to exercise its statutory authority to collect a defendant's unpaid restitution fines, including cases under Penal Code section 1203.4. "Any other interpretation would render the Board's statutory authority to collect the restitution fine a nullity."

We disagree. The Board's statutory authority to collect unpaid restitution fines applies to restitution fines properly imposed. In most cases, the continuing existence of an unmodified, extant conviction of an offense will permit the Board, under its general authorization to continue to collect any portion of a restitution fine that the defendant did not voluntarily pay during the period of probation, or prison sentence and parole. Where, however, a specific statutory provision has expressly "released" a defendant from "all penalties and disabilities resulting from the offense," release from the obligation to pay any unpaid balance of a restitution fine does not interfere unduly with the Board's general authority to collect the unpaid balances of unreleased restitution fines.

First, we note that not every convicted person is admitted to probation. Those who are not admitted to probation are ineligible for relief under Penal Code section 1203.4 at all. The expiration of a prison sentence and possible period of parole will not affect the existence of the conviction (triggering event requiring imposition of the restitution fine). In any such case, the Board will still be empowered to collect any portion of the restitution fine that remains unpaid after the defendant's release from prison and parole. (Cf. *People v. Arata*, *supra*, 118 Cal.App.4th at p. 203 [a restitution fine would survive

33

and still have to be paid, even after completion of a prison sentence: "Defendant is either entitled to credit for its payment [during probation] or is responsible for paying it during and, if necessary, after his prison sentence"].)

Second, we reiterate our analysis *ante* that, of those who are admitted to probation, only certain classes of probationers will qualify to have their conviction charge dismissed. A probationer who completes the probationary period, but who does so without fulfilling all the terms of probation will not qualify under the first scenario. A probationer who completes the probationary period without an early termination will not qualify under the second scenario. A probationer who completes the probationary period without being able to establish a claim that the interests of justice merit a dismissal under Penal Code section 1203.4 will not qualify for relief under the third scenario. In all such cases, the conviction offense will remain intact for all purposes, including responsibility to pay a restitution fine. The Board is statutorily authorized to collect the unpaid portion, if any, of the restitution fine beyond the period of probation (whether it is ended by revocation or completion) and prison/parole period, whenever the underlying conviction remains intact (undismissed) for all purposes after those periods have ended.

Thus, restitution orders survive (1) where the defendant is not admitted to probation, but serves and completes a prison sentence (cf. *People v. Arata*, *supra*, 118 Cal.App.4th at p. 203 [a restitution fine would survive and still have to be paid, even after completion of a prison sentence: "Defendant is either entitled to credit for its payment [during probation] or is responsible for paying it during and, if necessary, after his prison sentence"]), (2) where a defendant is granted probation but probation is revoked (*People*

34

*v. Chambers*, *supra*, 65 Cal.App.4th at p. 824; *People v. Arata*, *supra*, 118 Cal.App.4th at p. 202), and (3) where a defendant is granted probation, and completes the probationary period, without qualifying for relief under Penal Code section 1203.4.  In all of these cases, the conviction remains intact and undismissed for all purposes, including the imposition of and continuing obligation to pay mandatory restitution fines.

In the narrow set of cases where relief has been granted under Penal Code section 1203.4, however, the charge of which the successful probationer was convicted is dismissed, and the probationer thereafter has been expressly "released from all penalties and disabilities resulting from the offense."  The foundation of the restitution fine—the underlying charges, offense and verdict—no longer exists for most purposes.  It is therefore appropriate for the trial court to suspend or dismiss the restitution orders and fines as a means of fulfilling the statutorily provided release from that particular penalty resulting from the offense.  The existence of a narrow set of specific exceptions under Penal Code section 1203.4 does not negate or nullify the general statutory provisions for the survivability of restitution fines, or the authority of the Board to collect unpaid restitution fines in most cases.

DISPOSITION

Defendant successfully completed his probation through early termination.  This success was a circumstance that entitled him to move to dismiss the underlying charges and convictions pursuant to Penal Code section 1203.4.  Upon dismissal of the underlying convictions, defendant was entitled to "release from the penalt[y] or disability[y]" of continuing liability to pay the unpaid portion of his restitution fine.  The

35

trial court therefore properly suspended or dismissed the unpaid balance of the restitution fine. The judgment is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER
                                                        Acting P. J.

We concur:

RICHLI
                        J.

KING
                        J.