Filed 6/15/16  P. v. Rosdahl CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY THOMAS ROSDAHL,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B263043, B263051<br>(Super. Ct. Nos. 2001027537, CR36324)<br>(Ventura County) |

In these two consolidated cases, Timothy Thomas Rosdahl appeals from orders denying petitions to expunge prior convictions pursuant to Penal Code section 1203.4.[1]  We reverse and remand with directions to grant the petitions.

---

[1] "The 'release[ ] from penalties and disabilities' provided in Penal Code section 1203.4 is sometimes referred to as 'expungement' of the conviction. . . . [H]owever, . . . Penal Code section 1203.4 does not, strictly speaking, 'expunge' the conviction, nor render the conviction 'a legal nullity.'  [Citation.]  For example, charges dismissed under Penal Code section 1203.4 may be treated as convictions for some purposes (e.g., impeachment with prior conviction in a future prosecution).  However, the 'release[ ] from penalties and disabilities' is a palpable benefit, such that the conviction may be treated as if it were not a conviction for most purposes."  (*People v. Guillen* (2013) 218 Cal.App.4th 975, 996.)

*Procedural Background*

*Case No. 2001027537*

In September 2000 appellant pleaded guilty to felony possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and misdemeanor possession of marijuana. (*Id.*, § 11357, subd. (b).) The imposition of sentence was suspended, and he was placed on formal probation for three years on condition that he serve 60 days in the county jail. In October 2000 he admitted a violation of probation. He was ordered to serve an additional 10 days in the county jail.

In January 2015 the felony drug offense was designated a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) and (g). In March 2015 appellant filed a Penal Code section 1203.4 petition to withdraw his guilty pleas and have the action dismissed. Using a preprinted Judicial Council form, appellant put an "x" in the box that showed he was eligible for the requested relief because he had "fulfilled the conditions of probation for the entire period thereof." Appellant declared, "Despite probation violations attributable to drug and/or alcohol abuse, I eventually completed probation . . . ."

He did not put an "x" in the box that showed he "should be granted relief in the interests of justice." But he attached a declaration explaining why he should be granted such relief. Appellant declared: He completed a drug rehabilitation program and has "been drug-and alcohol-free since 2000." He "returned to school and earned an associate of arts degree at Moorpark College in 2003. Between 2000 and 2008 [he] worked part-time and went to school. [He] graduated from California State University, Channel Islands in 2008 with a bachelor's degree in studio art, emphasizing communications design." He started teaching at Pierce College in 2004. In 2009, Pierce College "gave [him] a three-year appointment to teach and support faculty in instructional media." He "continue[s] to teach there part-time." He got married in 2009 and has two step-daughters. In 2011 he "started [his] own digital web design and graphic design business." "Since 2001, [he has] not been arrested or charged with any offense except minor traffic infractions that did not involve drugs or alcohol."

2

The trial court denied the petition without stating its reason for the denial.

*Case No. CR36324*

In May 1995 appellant pleaded guilty to possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The imposition of sentence was suspended, and he was placed on formal probation for two years.

In January 2015 the felony drug offense was designated a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) and (g).[2] Using the same preprinted Judicial Council form that he had used in case no. 2001027537, appellant filed a separate petition to withdraw his guilty plea and have the action dismissed in case no. CR36324. (§ 1203.4.) He again put an "x" in the box that showed he had fulfilled the conditions of probation. He attached the same declaration that he had attached to the petition in case no. 2001027537.

The trial court denied the petition without stating its reason for the denial.

*This Court Has Jurisdiction to Hear the Appeal*

Appellant's felony convictions were designated misdemeanors pursuant to section 1170.18, which was added to the Penal Code by Proposition 47 in November 2014. "[T]he Court of Appeal ordinarily is not involved in reviewing misdemeanor proceedings, because appellate jurisdiction over misdemeanor judgments rests with the appellate department of the superior court . . . ." (*People v. Gonzalez* (1996) 12 Cal.4th 804, 824-825.) But the Court of Appeal, not the appellate department of the superior court, "has jurisdiction over an appeal from a case in which the defendant was originally convicted of a felony, but the offense was later (1) designated a misdemeanor under Proposition 47, or (2) the defendant was resentenced as a misdemeanant under Proposition 47." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

*Expungement Pursuant to Section 1203.4*

"There are three circumstances in which a defendant may apply for relief under Penal Code section 1203.4: if, '(a) he has fulfilled the conditions of his probation

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief.' [Citation.] [¶] Under either of the first two scenarios, the defendant is entitled as a matter of right to the dismissal of the charge. [Citation.]" (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 991.)

"Qualification for relief under the first scenario - fulfilling the conditions of probation during the entire probationary period - requires exactly that: fulfillment of *all* the conditions of probation throughout the *entire* period of probation. Any violation of any of the probationary terms will disqualify a probationer from seeking dismissal under the first scenario." (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 991.)

Under the third scenario - discretionary relief in the interest of justice - trial courts have "the power to set aside a conviction after the termination of probation *whenever* the circumstances warrant[] it. [Citations.] . . . Thus, in determining whether to grant relief under the discretionary provision, the trial court may consider any relevant information, including the defendant's postprobation conduct." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 576-577, fn. omitted.) The third scenario encompasses defendants who do not qualify under the first scenario because they violated probation. (*Ibid*.)

*Appellant Is Not Precluded from Arguing that*
*Relief Was Warranted under the Third Scenario*

Appellant concedes that, on the section 1203.4 petitions, he "checked the wrong box, indicating that he had fulfilled the conditions of probation" under the first scenario. Nevertheless, appellant contends that the trial court abused its discretion in not granting relief in the interest of justice under the third scenario.

Respondent maintains that appellant is precluded from arguing that relief was warranted under the third scenario because in both petitions he checked the box for the first scenario and left blank the box for the third scenario. We disagree. Considering the petitions as a whole, we conclude that they were sufficient to put the trial court on notice that appellant was seeking relief under the third scenario. (See *Ezer v. Fuchsloch*

4

(1979) 99 Cal.App.3d 849, 861 ["A cardinal principle of document construction is that a document must be 'construed as a whole'"]; *Lazar v. Superior Court* (1940) 16 Cal.2d 617, 622 ["Individual clauses or provisions of a judgment, just as in a contract *or any other document*, are not to be separately considered and construed but, on the contrary, the entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention." (Italics added)].)

To each petition, appellant attached a declaration showing that relief was warranted in the interest of justice because of his rehabilitation, accomplishments, and clean record after his 2000 conviction of possession of cocaine in case no. 2001027537. The declaration would have been unnecessary if he had been seeking relief under the first scenario because he had "fulfilled the conditions of probation for the entire period of probation." (§ 1203.4, subd. (a)(1).) Under the first scenario, appellant would have been "entitled as a matter of right to the dismissal of the charge." (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 991.) The Judicial Council petition form instructed that, if "relief should be granted in the interests of justice," the petitioner "*must explain why granting a dismissal would be in the interests of justice by completing and attaching the [optional]* Attached Declaration."

In his declaration appellant stated, "Despite probation violations attributable to drug and/or alcohol abuse, I eventually completed probation . . . ." This statement indicated that, because of probation violations, he did not qualify under the first scenario. In view of this statement and appellant's explanation of why granting relief would be in the interest of justice, appellant's petitions should be construed as seeking relief in the interest of justice. (See *People v. Russell* (2010) 50 Cal.4th 1228, 1262, fn. 5 ["Although Prospective Juror R.D. ticked the box indicating he would always vote for the 'death penalty' regardless of what the evidence showed, the remainder of his responses to questions posed in the jury questionnaire made it clear that he marked the wrong box, and instead intended to respond that he would always vote for life imprisonment"].)

5

*The Trial Court Abused Its Discretion in*

*Not Granting Relief in the Interest of Justice*

The People assert: "Should this Court conclude that the declarations appended to appellant's petitions made clear that he sought discretionary relief under the third 'interests of justice' scenario of section 1203.4, it appears remand may be appropriate." "[I]t is not clear whether the trial court considered the merits of appellant's two petitions. . . . Accordingly, remand may be warranted for the trial court to determine whether, in light of the evidence presented, the interests of justice warrant relief under section 1203.4."

In the interest of judicial economy, we will not remand this matter to the trial court to determine whether relief is warranted in the interest of justice under the third scenario. On the record before us, the trial court abused its discretion in not granting such relief. The People did not file opposition disputing the truth of any of the factual allegations in appellant's declaration. Those allegations show that, since his 2000 conviction of possession of cocaine in case no. 2001027537, he has completed a drug rehabilitation program and has been drug-and-alcohol free. He attended school and earned both an associate of arts degree and a bachelor's degree. He taught at Pierce College and continues to teach there part-time. He got married in 2009 and started his own business in 2011. Since the 2000 drug conviction, he has "not been arrested or charged with any offense except minor traffic infractions that did not involve drugs or alcohol."

Appellant's pre-2001 criminal record does not warrant a denial of relief in the interest of justice. In his declaration appellant listed his pre-2001 felony and misdemeanor convictions. With one exception, all involved driving, alcohol, or drugs. The one exception was a misdemeanor "[f]ailure to obey court order" conviction in 1996. The drug convictions were for simple possession except for a 1996 conviction for being under the influence of a controlled substance.

*Disposition*

The orders denying the petitions are reversed.  The matters are remanded to the trial court with directions to grant the petitions.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


PERREN, J.


TANGEMAN, J.

Michael Lief, Judge

Superior Court County of Ventura

_____


Ferguson Case Orr Paterson, Wendy C. Lascher, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.