Filed 9/1/22  P. v. Tye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058109 |
| v. | (Super. Ct. No. 10HF2304) |
| MATTHEW CHRISTOPHER TYE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Richard M. King, Judge.  Reversed and remanded as directed.

Matthew Christopher Tye, in pro. per., for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2013, defendant Matthew Christopher Tye pleaded guilty to five counts of oral copulation with a minor and three counts of sexual intercourse with a minor under a plea deal negotiated with the prosecution. Pursuant to the terms of the plea deal, the trial court suspended the imposition of Tye's sentence and placed him on five years' probation. Tye filed numerous lawsuits over the years challenging his probation conditions; some challenges were successful while others were not. Among other things, Tye successfully appealed a court commissioner's finding that he had violated his probation based on a procedural error. After completing probation, Tye moved to dismiss the charges against him under Penal Code section 1203.4.[1] The court acknowledged that Tye had completed probation and had no probation violations. Still, it denied his motion. It reasoned that while he had not sustained any probation violations, he had "failed to cooperate with his probation officer in areas of employment and maintaining contact." It also opined that "[i]n hindsight, [Tye] turned out to be an unsuitable person for a grant of Probation." On appeal, Tye contends the court improperly denied his motion. The Attorney General agrees, as do we.

Section 1203.4, subdivision (a)(1), provides that after a "defendant has fulfilled the conditions of probation for the entire period of probation, . . . the defendant shall, at any time after the termination of the period of probation, . . . be permitted by the court to withdraw [his or her] plea of guilty . . . and enter a plea of not guilty; . . . [and] the court *shall* thereupon dismiss the accusations or information against the defendant and . . . the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which [he or she] ha[s] been convicted . . . ." (Italics added.) Under this statute, defendants that have completed the terms of their probation are "entitled as a matter of right to the dismissal of the charge." (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991.) "[W]hen a defendant has satisfied the terms of

---

[1] All further undesignated statutory references are to the Penal Code.

2

probation, the trial court should have *no discretion* but to carry out its part of the bargain with the defendant." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788–789, italics added.) But "[a]ny violation of any of the probationary terms will disqualify a probationer from seeking dismissal . . . ." (*Guillen*, at p. 991.)

During the course of Tye's probation, multiple probation violations were alleged. However, none of these violations were found to be true, or they were reversed on appeal. As the trial court recognized, Tye completed probation without violating his probation conditions. Though Tye may have been uncooperative at times, he never formally violated his probation terms. And nothing in the record indicates Tye's uncooperative behavior was tantamount to a probation violation. As such, the court was required to grant his motion under section 1203.4, and it erred as a matter of law by failing to do so.

The court's order denying Tye's section 1203.4 motion is reversed. On remand, the court is directed to enter a new order granting Tye's motion.[2]


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[2] Tye filed a motion to correct the record, seeking to (1) include the trial court's written order dated June 5, 2019, and (2) strike portions of the record containing an opposition purportedly filed by the prosecution in response to an earlier section 1203.4 motion filed by Tye. As to the first issue, this Court granted the motion on November 18, 2021. But the Clerk of the Appellate Section of the Orange County Superior Court subsequently filed an affidavit stating that no written ruling for the court's June 5, 2019, order exists. As to the second issue, the motion is denied. Tye has cited no authority to support his contention that this document should be stricken.