Filed 10/28/13  P. v. Greeley CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RICHARD GREELEY,<br><br>     Defendant and Appellant. | A138687<br><br>(San Francisco County<br>Super. Ct. No. 216890) |

Defendant Richard Greeley appeals from an order revoking his probation.  His court-appointed counsel filed a brief asking this court for an independent review of the record to determine whether there are any arguable issues under *People v. Wende* (1979) 25 Cal.3d 436.  After conducting such a review, we found that the record contains irregularities regarding fines that were imposed when Greeley's probation was revoked, and we requested supplemental briefing on these irregularities.

After considering the parties' briefing, we conclude there are three fine-related errors.  First, the abstract of judgment and the minute order include a $280 restitution fine under Penal Code[1] section 1202.4, subdivision (b) that the trial court did not impose and could not lawfully have imposed.  Second, as a matter of law, the amount of the probation-revocation fine under section 1202.44 is $200, which is the amount referenced in the abstract of judgment and the minute order, not $240 as orally pronounced by the court.  Finally, the abstract of judgment and the minute order include a $280 parole-

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

1

revocation fine under section 1202.45 that the court did not impose and could not have lawfully imposed. Our disposition corrects these three errors but otherwise affirms the judgment.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In November 2011, Greeley pleaded guilty to five felony counts and two misdemeanor counts after he stole various items from two businesses in July and August 2011.[2] He also admitted a prior-strike conviction of first degree burglary. (§§ 459, 667, subd. (d).) The trial court dismissed the misdemeanor charges, sentenced Greeley to six years in prison, suspended the execution of the sentence, and placed him on three years of formal probation. The court also imposed a $200 restitution fine under section 1202.4, subdivision (b) as a condition of probation, and it imposed, but stayed, a $200 probation-revocation fine under section 1202.44.

Greeley violated the terms and conditions of his probation and, in March 2013, the trial court revoked his probation and executed the six-year prison sentence. In its oral pronouncement, the court ordered Greeley "to pay a $240 probation revocation fine that is now imposed." The abstract of judgment and the minute order, however, reflect a probation-revocation fine in the amount of $200, not $240.

The abstract of judgment and the minute order also contain two fines the court did not orally pronounce: a $280 restitution fine under section 1202.4(b) and a $280 parole-revocation fine under section 1202.45. The abstract of judgment states that the parole-revocation fine is suspended "unless parole is revoked," and the minute order states the fine is suspended "unless the person's parole, mandatory supervision or PRCS [postrelease community supervision] is revoked."

---

[2] The felony charges were two counts of second degree commercial burglary (§ 459); two counts of grand theft of personal property (§ 487, subd. (a)); and one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). The misdemeanor charges were one count of possession of burglary tools (§ 466) and one count of possession of unlawful drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

2

Greeley timely appealed, and the trial court granted his request for a certificate of probable cause.[3]

## II.
### DISCUSSION

*A.        General Legal Standards.*

Both a defendant and the People normally forfeit any challenge to a fine by not objecting at the time of sentencing. However, " ' "unauthorized sentences," ' " i.e., "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings[,] are not waivable," and we may address errors in the imposition of a fine that present " 'pure questions of law' " even if the parties did not object below. (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*); *People v. Scott* (1994) 9 Cal.4th 331, 354.)

We may also correct clerical errors in the abstract of judgment and the minute order even if neither party raised the issue below. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.) Such errors exist where there is a discrepancy between a trial court's oral pronouncement and the abstract of judgment or the minute order. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*); *People v. Urke* (2011) 197 Cal.App.4th 766, 779 [applying *Mesa* to discrepancy in restitution fines after probation revoked].) Because the abstract of judgment and the minute order " 'cannot add to or modify the judgment which [they] purport[] to digest or summarize,' " the court's oral pronouncement always controls so long as the pronouncement is legally correct. (*Mesa* at p. 471.)

---

[3] In his request for a certificate of probable cause, Greeley contended that he did not understand the consequences of his guilty pleas or his admission that he was previously convicted of a strike and that he would have refused the plea bargain if he had understood. But because the court suspended execution, not imposition, of the sentence when it originally ordered probation in November 2011, Greeley cannot now raise issues relating to that sentence in this appeal from the March 2013 order revoking probation. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1095.) In other words, in this appeal we may only consider issues that involve the revocation of Greeley's probation.

Accordingly, we will consider whether the fines purportedly assessed against Greeley under sections 1202.4(b), 1202.44, and 1202.45 were authorized even though neither he nor the People objected to these fines at the time probation was revoked.

B.      *The Abstract of Judgment and the Minute Order Must Be Modified Because No Additional Restitution Fine Under Section 1202.4(b) Was or Could Be Assessed*.

"In every case where a person is convicted of a crime," section 1202.4(b) requires the trial court to impose "a separate and additional restitution fine" unless there are "compelling and extraordinary reasons for not doing so." The restitution fine under section 1202.4(b) is mandatory absent any such reasons. (*Smith*, *supra*, 24 Cal.4th at p. 851.) If a defendant's probation is revoked, this "mandatory restitution fine continues in force," and the trial court has no authority to impose an additional restitution fine under section 1202.4(b). (*People v. Guillen* (2013) 218 Cal.App.4th 975, 988; *People v. Chambers* (1998) 65 Cal.App.4th 819, 822-823.)

At the time Greeley committed the underlying offenses, the minimum restitution fine under section 1202.4(b) was $200. (Stats. 2011 ch. 45, § 1; see *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31 [under ex post facto principles, amount of restitution fine is calculated as of the date of the offense].) Thus, the $200 restitution fine under section 1202.4(b) imposed on Greeley when he was originally sentenced was proper,[4] and it survived the revocation of his probation even though the court did not mention it in its oral pronouncement when probation was revoked.[5] Because the court did not orally pronounce a new $280 restitution fine under section 1202.4(b), and could not lawfully have done so, the reference to the fine in the amount of $280 must be stricken from the abstract of judgment and the minute order.

---

[4] The minute order from the original sentencing states that Greeley was ordered to pay a $200 restitution fine under section 1202.4(b) "per convicted felony count," but in its oral pronouncement the court stated that Greeley was to "pay $200 to the restitution fund." We agree with the parties that the court imposed a single $200 fine under section 1202.4(b). (See *Mesa, supra*, 14 Cal.3d at p. 471.)

[5] There is no indication in the record that Greeley has paid this fine.

### C. A Probation-Revocation Fine Under Section 1202.44 of $200, Not $240, Became Due and Payable When Probation was Revoked.

Under section 1202.44, when a person receives probation, "the court shall, at the time of imposing the restitution fine pursuant to [section 1202.4(b)], assess an additional probation revocation restitution fine in the same amount as [the section 1202.4(b) fine]. This additional probation revocation restitution fine shall become effective upon the revocation of probation . . . and shall not be waived or reduced by the court" unless "compelling and extraordinary reasons" for doing so exist. In accordance with this statute, the trial court imposed and stayed a probation-revocation fine of $200 when it originally sentenced Greeley.

When it revoked Greeley's probation, the court orally stated that the amount of the probation-revocation fine was $240. Although oral statements of the trial court normally control over references contained in an abstract of judgment or a minute order (*Mesa*, *supra*, 14 Cal.3d at p. 471), the probation-revocation fine under section 1202.44 should have been in the amount of $200, as the Attorney General concedes. This is because, as a matter of law, the probation-revocation fine must be the same amount as the restitution fine under section 1202.4(b), which was $200 here. (§ 1202.44.) While the minimum restitution fine allowed under section 1202.4(b) increased between the time Greeley committed his crimes and the time his parole was revoked, this change did not confer on the trial court the authority to increase the probation-revocation fine because the restitution fine had already been set at $200. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

Greeley contends that since the probation-revocation fine in the amount of $240 was unlawful and must be stricken, the original probation-revocation fine in the proper amount of $200 is not due because the People waived the issue by not objecting to the fine when probation was revoked. We disagree. While the court's original decision to impose and stay the probation-revocation fine under section 1202.44 was discretionary if the court found "compelling and extraordinary reasons" not to impose it, once it had been imposed and Greeley's probation subsequently revoked, "imposition of the probation

revocation restitution fine under 1202.44 was . . . mandatory." (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434, italics omitted.) Because the court had no discretion to change the amount of the probation-revocation fine under section 1202.44, which must be the same as the amount of the restitution fine under section 1202.4(b), we may correct the error to reflect the proper amount of $200 even though neither party objected below. (See *Smith*, *supra*, 24 Cal.4th at pp. 852-853.)

> D. *The Abstract of Judgment and the Minute Order Must Be Modified Because No Parole-Revocation or PRCS-Revocation Fine Under Section 1202.45 Was or Could Be Assessed.*

The abstract of judgment states a fine under section 1202.45 is imposed and suspended "unless parole is revoked." The minute order states a fine under section 1202.45 is imposed and suspended "unless the person's parole, mandatory supervision or PRCS [postrelease community supervision] is revoked." We conclude that no fine under section 1202.45—whether considered a parole-revocation fine or a PRCS-revocation fine—was authorized or imposed by the trial court and must therefore be stricken from the abstract of judgment and the minute order.

If "a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to [section 1202.4(b)], assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to [section 1202.4(b)]." (§ 1202.45, subd. (a).) If "a person is convicted of a crime and is subject to . . . [PRCS] . . ., the court shall, at the time of imposing the restitution fine pursuant to [section 1202.4(b)], assess an additional [PRCS] revocation restitution fine . . . in the same amount as that imposed pursuant to [section 1202.4(b)]." (§ 1202.45, subd. (b).) Both parties contend that a parole-revocation fine under section 1202.45 in the amount of $200, the same amount as was assessed for the restitution fine under section 1202.4(b), should have been imposed. We disagree.

In their briefing, the parties do not discuss whether Greeley's sentence includes a period of parole or whether he is instead subject to PRCS under the 2011 Realignment Legislation (Stats. 2011, ch. 15, § 1) (Realignment Act). The Realignment Act affects

felons released from prison on or after October 1, 2011 (§ 3451, subd. (a)), and, since Greeley is currently in prison, it applies to him.

Under the Realignment Act, Greeley will be subject to PRCS instead of parole when he is released from incarceration. (§ 3451 [persons released from prison subject to PRCS except when convicted of certain crimes not applicable here].) Thus, Greeley's sentence does not include a period of parole and, contrary to the parties' positions, he cannot be assessed a parole-revocation fine under section 1202.45. (*People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6.)

The question remains whether the trial court was required to impose a PRCS-revocation fine. We conclude that such a fine was not required and could not have been imposed as a matter of law under the circumstances of this case. Section 1202.45 was amended to add subdivision (b), providing for PRCS-revocation fines in addition to parole-revocation fines, *after* Greeley committed the crimes giving rise to his sentence. (§ 1202.45, subd. (b); Stats. 2012, ch. 762, § 1.) Because this amendment was not enacted before Greeley committed his crimes, a PRCS-revocation fine could not have been assessed against him without violating ex post facto principles. (See *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181-1182 [striking section 1202.45 parole-revocation fine imposed on defendant who committed crimes before section 1202.45 was enacted].)

The trial court properly did not impose a parole-revocation or PRCS-revocation fine because any such fine was not authorized. The references to these fines in the abstract of judgment and the minute order must be stricken. (See *Mesa*, *supra*, 14 Cal.3d at p. 471.)

### III.
#### DISPOSITION

The clerk of the superior court is ordered to amend the abstract of judgment and the minute order to reflect that neither an additional restitution fine under section 1202.4(b) nor a fine under section 1202.45 was or could lawfully be imposed. The restitution fine under section 1202.4(b) that was originally assessed continues in force.

7

The trial court's oral pronouncement of a probation-revocation fine under section 1202.44 of $240 is stricken.  A probation-revocation fine under section 1202.44 of $200 is now due, as is correctly reflected in the abstract of judgment and the minute order.  The clerk of the superior court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

 The judgment is otherwise affirmed.

_____
Humes, J.

We concur:

_____
Reardon, Acting P.J.

_____
Rivera, J.