Filed 7/28/16  P. v. Perez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN PEREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B269252<br>(Super. Ct. No. 2007010204)<br>(Ventura County) |

Juan Perez appeals an order denying a motion to expunge his felony conviction for carrying a concealed firearm and his misdemeanor conviction for exhibiting a firearm.  (Former Pen. Code, § 12025, subd. (a)(2); § 417, subd. (a)(2).)[1] We reverse and remand the matter to permit the trial court to reconsider the motion to reduce Perez's felony conviction to a misdemeanor pursuant to section 17, subdivision (b), and order the court to grant relief pursuant to section 1203.4.

### FACTUAL AND PROCEDURAL HISTORY

On October 11, 2007, Perez pleaded guilty to carrying a concealed firearm, and misdemeanor exhibiting a firearm.  (§§ 12025, subd. (a)(2), 417, subd. (a)(2).)  He also admitted that he committed the crimes to benefit a criminal street gang.  (§§ 186.22, subds. (b)(1)(B) & (d).)  The criminal charges arose from Perez's

---

[1] All further statutory references are to the Penal Code.

acts of drawing and brandishing a firearm at an Oxnard gathering on March 17, 2007. The trial court suspended imposition of sentence and granted Perez 36 months of formal probation, with terms and conditions that included payment of fines and fees and service of 210 days of confinement in county jail.

In 2008 and again in 2010, Perez violated the terms of his probation. In each instance, the trial court revoked and then reinstated probation and imposed additional days of confinement. In mid-2011, the Ventura County Probation Agency filed a motion requesting that the trial court terminate Perez's probation term one month early. (§ 1203.3, subd. (a) ["The court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held"].) The agency stated that Perez reported to his probation officer as directed, paid his financial obligations, and served his periods of confinement. The prosecutor did not oppose the motion. On July 13, 2011, the court granted the request and discharged Perez from probation as an early termination.

On October 7, 2015, Perez filed a motion to reduce his felony conviction to a misdemeanor pursuant to section 17, subdivision (b), and to dismiss the accusatory pleading pursuant to section 1203.4. The probation officer filed a report recommending that Perez's guilty plea be withdrawn, a plea of not guilty be entered, and the accusatory pleading be dismissed. On October 28, 2015, the trial court denied the motion. The trial judge stated: "[T]his was a serious offense and [Perez's] performance while on probation was not good. He didn't earn it at the time, and I don't think there is a compelling reason to grant that relief now."

Perez appeals and contends that section 1203.4 compels the trial court to grant relief. The Attorney General concedes.

2

*DISCUSSION*

Section 1203.4 provides a release from the penalties and disabilities of a conviction under enumerated circumstances. (*People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429.) Strictly speaking, section 1203.4 does not "expunge" a conviction or render it a nullity; dismissed charges may be treated as convictions for some purposes, such as a prior conviction or as impeachment. (*Ibid.*)

There are three circumstances in which a defendant may apply for relief pursuant to section 1203.4, subdivision (a): if, 1) he has fulfilled the conditions of his probation for the entire term of probation; 2) he has been discharged before the termination of the period of probation; or, 3) in any case in which the court, in its discretion and in the interests of justice, determines he should be granted relief. (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1459.) A defendant is entitled to dismissal of the charges against him as a matter of right regarding either of the first two circumstances. (*Ibid.*) Once probation is terminated early, a later judge who is requested to grant section 1203.4 relief is without discretion to deny relief. (*Guillen*, at p. 991; *Holman*, at p. 1460.)

Our review of the trial court's order involves an interpretation of section 1203.4, subdivision (a). As such, it presents an issue of law for our independent review. (*People v. Seymour*, *supra*, 239 Cal.App.4th 1418, 1428.)

Here Perez falls within the second circumstance requiring section 1203.4 relief. The trial court discharged him from probation prior to his termination date due to his successful compliance with probation terms and conditions. Moreover, Perez does not have any disqualifying convictions pursuant to section 1203.4, subdivision (b). Thus, the court was required to grant relief. (*People v. Guillen*, *supra*, 218 Cal.App.4th 975, 1001.) As Perez points out, one trial judge may not, in effect, reverse the order of another trial judge.

3

We reverse and remand for reconsideration of the motion to reduce the felony conviction to a misdemeanor pursuant to section 17, subdivision (b).  Also, we order the trial court to grant relief pursuant to section 1203.4.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

4

David M. Hirsch, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.