[No. A100928. First Dist., Div. Three. Nov. 26, 2003.]

THE PEOPLE, Plaintiff and Appellant, v.
GEORGETTA TRANQUILITY HUDSON, Defendant and Respondent.

**COUNSEL**

David W. Paulson, District Attorney, and Joel S. Coble, Deputy District Attorney, for Plaintiff and Appellant.

Robert Stevens Condie for Defendant and Respondent.

**OPINION**

**CORRIGAN, Acting P. J.**—Defendant Georgetta Tranquility Hudson was ordered to pay restitution to the Solano County Department of Health and Social Services (the Department) for welfare fraud. Because the court erred in declining to order restitution for excess food stamp benefits, we reverse and remand.

## BACKGROUND

Between 1997 and 2001 defendant received unemployment and disability benefits, Aid to Families With Dependent Children (AFDC), and food stamps. During this period she was required to make periodic AFDC and food stamp applications. As a result of her failure to report the full amount of her unemployment benefits and wages, she was overpaid more than $7,000 in cash and additional amounts in food stamps. The issue before us concerns the amount of restitution for the food stamp overpayment.

After Hudson pleaded no contest to one count of welfare fraud, she was placed on probation with various conditions including victim restitution. At a restitution hearing, Department employee Tina Williams testified that the Department calculated its reimbursement figures for AFDC and food stamp overpayments using two different formulae. In calculating cash overpayments, the Department used the same formula it would have applied had the overpayment not resulted from fraud. For food stamp overissuance, however, the Department used a different calculation. Williams explained that, under state regulations, recipients are entitled to have 20 percent of their earned income disregarded in calculating their food stamp entitlement. Recipients found to have underreported their income are not entitled to the 20 percent

disregard. Accordingly, when the Department calculated the amount defendant owed in restitution for overissued food stamps it did not allow her the 20 percent disregard it would have applied had she properly reported her income.

The court ordered defendant to pay $7,041 in restitution for the cash overpayment. There is no dispute as to this figure. With respect to food stamps, it found the Department's formula impermissibly penalized defendant for having failed to report income, because "the purpose of restitution is simply to give back to the state what they otherwise would have been entitled to have, and not to make a windfall for the state." Concluding that the appropriate amount was "the money that the defendant was given, . . . less the amount that she otherwise would have been entitled to, had she reported this unreported income," the court continued the hearing to allow the Department to recalculate the food stamp restitution.

The Department declined to do so. While acknowledging that the restitution amount would have been less if it used the formula it employed in nonfraud cases, the Department maintained it had properly calculated food stamp reimbursement in accordance with regulations it was legally required to follow. Explaining that the Department's decision left it unable to determine the amount to which defendant would have been entitled had she not committed fraud, the court declined to order any restitution for the food stamp overissuance. The People timely appealed.

## DISCUSSION

We review the trial court's restitution order for abuse of discretion. (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 992 [81 Cal.Rptr.2d 886].) No abuse of discretion will be found when there is a factual or rational basis for the amount of restitution ordered. (*People v. Dalvito* (1997) 56 Cal.App.4th 557, 562 [65 Cal.Rptr.2d 679].) "While it is not required to make an order in keeping with the exact amount of loss, the trial court must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious." (*Thygesen, supra,* at p. 992.)

*The Court Properly Directed The Department To Recalculate*
*Restitution In Accordance with People v. Crow*

Penal Code section 1202.4, subdivision (f),[1] provides the statutory basis for victim restitution: "In every case in which a victim has suffered economic

---

[1] All further statutory citations are to the Penal Code.

loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record."

The parties agree that *People v. Crow* (1993) 6 Cal.4th 952 [26 Cal.Rptr.2d 1, 864 P.2d 80] governs how penal reimbursement is determined under section 1202.4. "[T]he defrauded agency's 'loss' should be calculated by subtracting the amount the government *would have paid had no acts of fraud occurred* from the amount the government actually paid. Any money that the government would have been obligated to pay had the fraud not occurred is not attributable to the fraud, and thus is not a 'loss' arising out of the criminal offense." (6 Cal.4th at p. 962, italics added.) The dispute at hand concerns the court's failure to award any restitution when the Department failed to recalculate the amount at the court's direction.

The People argue that the court should have awarded the full amount of restitution claimed by the Department without giving Hudson the benefit of the 20 percent disregard. Hudson urges that the trial court properly exercised its discretion in ordering no food stamp restitution. Both are wrong.

■ As we have noted, Williams testified that because defendant had underreported her earned income, the Department refused to apply the 20 percent disregard to which Hudson would otherwise have been entitled. Because it did not give her the benefit of the disregard, the Department's calculation produced a reimbursement figure larger than the difference between the amount defendant received and the correct amount based on an accurate report of her income.[2] As the court correctly found, the Department's reimbursement figure thus violated *Crow*'s clear directive.

The People's contrary contentions are unpersuasive. While they maintain the Department correctly subtracted the "correct amount of aid" from that actually paid, they doggedly insist that the "correct amount of aid" must be calculated under regulations that deny defendant the benefit of the earned

---

[2] There is also some indication that the Department's calculations may have treated the AFDC overpayment, which defendant was ordered to repay, as "income" during the period of food stamp overissuance. We need not address the propriety of that assumption because the Department's refusal to apply the 20 percent disregard indisputably inflated the reimbursement amount beyond the government's actual loss. Because we do not reach the issue, the request for judicial notice is denied.

income disregard that would have been applied had she truthfully reported her income. Their repeated assertion that these regulations correctly define the amount of reimbursement under *Crow* ignores Williams's testimony that its calculations produced a larger figure than the difference between what defendant actually received and what she would have received absent the fraud. This position cannot be squared with *Crow*.

The People also argue the Department could not comply with the court's directive to recalculate restitution under *Crow* because state and federal regulations require it to apply its own formula. Their argument fails. This appeal does not implicate the Department's right to calculate and collect whatever administrative penalties it may be entitled to impose under appropriate statutes and regulations. The issue here is whether the agency is entitled to have the court impose such penalties as restitution after a criminal conviction. *Crow* holds it is improper to do so.

The Department representatives may have had an honest disagreement with the court's interpretation of the law of restitution. Their belief in the rectitude of their position, however, does not entitle them to ignore an order of the court. If they believed the order was not supported by law, they could have sought appellate or writ relief. What they were not entitled to do was blithely substitute their legal interpretation for that of the court.

Finally, the People suggest the court erred in failing to state "compelling and extraordinary reasons" (§ 1202.4, subd. (f)) for declining to order full restitution. Not so. The court explained that the Department's proposed restitution amount resulted in an impermissible penalty and that its failure to recalculate the amount in keeping with *Crow* prevented the court from awarding full restitution for the food stamp overpayment. The problem is not that the court failed to give a reason for its decision. Rather, the difficulty is that the reason does not support the court's failure to order *any* restitution.

■ The court's decision bestowed a windfall upon the miscreant and failed to comply with the court's statutory obligation under section 1202.4, subdivision (f).[3] "[V]ictim restitution is mandatory and a sentence without such an award is invalid. The trial court does not have discretion over issuance of the award itself. The only element over which the court retains

---

[3] Defendant denies that she has been allowed to keep any benefit from the food stamp overissuance, noting that the state has intercepted over $3,000 in income tax refunds. The People have never disputed that defendant is entitled to credits for amounts recouped through intercepts. The questions presented here, however, are the government's obligations under *Crow* and the scope of the court's discretion under section 1202.4, subdivision (f). The precise amount of defendant's remaining restitution obligation, taking into account any miscalculations or credits due to her, is a matter to be determined by the trial court upon remand.

discretion—and to which the 'clear and compelling reasons' language applies—is the amount of the award." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751–1752 [60 Cal.Rptr.2d 351].) Faced with the Department's obdurate refusal to follow its direction, the court found itself in a difficult position. Nonetheless, alternatives were available short of completely denying restitution. In this situation, the court could have used its contempt powers to compel the Department to recalculate restitution consistently with *Crow*, or it could have ordered the Department to provide the data necessary for the court to do the calculation itself. The court could also have approximated the amount needed to make the victim whole by discounting the Department's reimbursement figure to ensure that ordered restitution did not exceed the loss attributable to the fraud. (See *People v. Thygesen, supra*, 69 Cal.App.4th at p. 992.) Given this range of possible responses to the Department's intransigence, we believe the court's decision to deny *any* reimbursement for the food stamp overpayment contravened the statutory mandate to order restitution and, therefore, exceeded its discretion.

## DISPOSITION

The order denying reimbursement for food stamp overpayment is reversed. The case is remanded for further proceedings to determine the appropriate amount of restitution. The parties shall bear their own costs.

Parrilli, J., and Pollak, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 17, 2004.