[No. B170598. Second Dist., Div. Two. Nov. 12, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRYL NORMAN KLEINMAN, Defendant and Appellant.

**COUNSEL**

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BOREN, P. J.**—Darryl Norman Kleinman appeals from the order revoking probation previously granted after his plea of no contest to leaving the scene of an accident (hit and run) causing injury (Veh. Code, § 20001, subd. (a)). The trial court sentenced appellant to the two-year state prison term previously imposed and stayed, and set the amount of restitution at $9,000. Appellant contends that the restitution order was unauthorized and must be stricken.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

At approximately 1:00 p.m., on July 1, 1998, appellant was driving a car owned by his girlfriend, Debra Marie Thornton, in the City of Burbank, with Thornton a passenger. While making a right turn from Hollywood Way onto Riverside Drive, the vehicle hit Jerome Connolly (Connolly),[2] a pedestrian crossing in the crosswalk.

Immediately after being hit, Connolly was in extreme pain and hopped towards the driver's side of the vehicle appellant was driving, banged on the front of the car and demanded that appellant stop. Without looking at Connolly, appellant hurriedly drove onto the Ventura Freeway.[3] Appellant did not give his name to Connolly and failed to report the accident to the police. A passing motorist invited Connolly into his car, and they chased appellant but were unable to catch him.

The motorist then took Connolly to the hospital where he was diagnosed with a fractured tibia which required surgery using a bone graft from his hip and placement of a metal plate in his leg. He was on crutches for 16 weeks and in severe pain.

On November 13, 1998, the district attorney filed an information charging appellant with hit and run causing injury, in violation of Vehicle Code section 20001, subdivision (a). Pursuant to agreement, appellant pled no contest to the charge, and the trial court imposed sentence of two years in state prison, but suspended execution and placed appellant on probation for three years on terms and conditions. Included was the condition that appellant pay direct

---

[1] The facts set forth are taken from the transcript of appellant's preliminary hearing.

[2] Connolly is sometimes referred to in the record as Gerard Connolly.

[3] According to Thornton, appellant asked Connolly if he was okay, and Connolly indicated that he was. He did not fall to the ground and appeared to be fine. Appellant then proceeded onto the freeway.

victim restitution to Connolly, with the trial court stating: "[Y]ou are ordered to pay through the probation department the following. I am going to ask the probation department and give Mr. Connolly a little more time to put his numbers together. But you are going to pay direct restitution to Mr. Connolly at the amount calculated by the probation department, under 1202.4, subdivision [(f)] of the Penal Code and that would include any wages that he lost. Any out of pocket payment that he has for his health and medical treatment." By the last comment and the trial court's inquiry as to what medical insurance deductible and copay Connolly had, the trial court suggested that restitution for medical expenses would be limited to unreimbursed expenses.[4] The trial court commented at the sentencing hearing that it appeared that Connolly had incurred medical bills of approximately $25,000 and lost wages of approximately $7,600, and had received $15,000 from Thornton's insurer.

On May 15, 2001, the trial court found appellant in violation of probation and summarily revoked probation and issued a bench warrant. On August 20, 2003, appellant waived his right to a probation violation hearing and admitted the probation violation. The trial court sentenced him to the previously ordered state prison term of two years with credits. It also ordered him to pay direct victim restitution to Connolly in the amount of $9,000.

## DISCUSSION

While conceding that the victim restitution order was proper when issued as a condition of probation pursuant to our Supreme Court's holding in *People v. Carbajal* (1995) 10 Cal.4th 1114 [43 Cal.Rptr.2d 681, 899 P.2d 67] (*Carbajal*), appellant's sole contention is that "after appellant's probation was revoked and he was sentenced to state prison, the $9K restitution order was no longer authorized." He argues that the California Constitution and Penal Code section 1202.4 authorize restitution only for victim's injuries caused by criminal acts, and that the gravamen of the hit and run offense is fleeing the scene, which did not cause Connolly's injuries. The noncriminal accident did. This contention is without merit.

The California Constitution, article I, section 28, subdivision (b) provides that "[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim

---

[4] The trial court actually conferred an undeserved benefit on appellant by limiting restitution to unreimbursed medical expenses, as appellant was not entitled to any offset for reimbursement Connolly may have received from his health insurance or payments made by his health insurance directly to service providers on his behalf. (See *People v. Hamilton* (2003) 114 Cal.App.4th 932, 940–941 [8 Cal.Rptr.3d 190]; see also *People v. Birkett* (1999) 21 Cal.4th 226, 246 [87 Cal.Rptr.2d 205, 980 P.2d 912]; cf. *People v. Hove* (1999) 76 Cal.App.4th 1266, 1272 [91 Cal.Rptr.2d 128].)

suffers a loss, unless compelling and extraordinary reasons exist to the contrary," to "all persons who suffer losses as a result of criminal activity. . . ." Penal Code section 1202.4,[5] implementing this constitutional mandate, sets forth a defendant's victim restitution obligation, as follows: "(a)(1) It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime. [¶] . . . [¶] (f) In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record."

■ Victim restitution is thus mandatory, and a sentence without a restitution award is invalid. (*People v. Hudson* (2003) 113 Cal.App.4th 924, 929 [7 Cal.Rptr.3d 114].) It must be ordered in every case where the defendant is convicted, even if the defendant is placed on probation. (Pen. Code, § 1203.1, subd. (a)(3).)

■ *Carbajal*, referred to by both parties, resolved affirmatively the question of whether a defendant placed on probation for hit and run causing damage under Vehicle Code section 20002 could be ordered to pay for the damages as restitution. The defendant there was charged with violating Vehicle Code section 20002. The trial court placed him on probation with conditions, but refused the People's request for a condition that defendant pay restitution for the damage to the victim's vehicle. The People appealed, and the defendant argued that article I, section 28 of the California Constitution, and its implementing legislation in section 1203.04 (now section 1202.4), required that restitution be "for financial losses suffered *as a result of criminal acts*" (§ 1202.4, subd. (f), italics added). Hit and run punishes the failure to stop and exchange information with the victim, which offense is not the cause of the damages that occurred from the accident, usually a noncriminal act. The Supreme Court concluded that a restitution *condition of probation* is not limited to losses "caused by the criminal conduct underlying the conviction." (*Carbajal, supra*, 10 Cal.4th at p. 1121.) But " 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which

---

[5] As in *People v. Birkett, supra*, 21 Cal.4th at page 247, footnote 21, we apply the restitution law in effect on the date of the crime, in this case July 1, 1998. All subsequent references to section 1202.4 are to that former section, unless otherwise indicated.

the defendant was convicted or to future criminality.' " (*Id.* at p. 1123.) It found restitution for the damages to the victim related to the crime of hit and run because "[b]y leaving the scene of the accident, the fleeing driver deprives the nonfleeing driver of his or her right to have responsibility for the accident adjudicated in an orderly way according to the rules of law." (*Id.* at p. 1124.) This defeats the very purpose of the hit and run laws, which is " 'to provide the owners of property damaged in traffic accidents with the information they need to pursue their civil remedies.' " (*Ibid.*)

■ The decision in *Carbajal* dealt only with restitution as a probation condition, leaving open the question of whether a hit and run driver could be ordered to pay restitution for damage or injury caused by an accident, where the driver is sentenced to prison. We need not resolve this thorny issue of first impression. For here, the restitution order was made when appellant was placed on probation, under the authority of *Carbajal*, which appellant concedes was proper. When appellant's probation was revoked, his restitution order, proper when issued, was not terminated. Penal Code section 1202.4, subdivision (m) provides: "In every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation. *Any portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied.*" (Italics added.) So long as restitution is ordered as a probation condition, and is proper as such, it survives revocation of probation. (cf. *People v. Chambers* (1998) 65 Cal.App.4th 819, 822 [76 Cal.Rptr.2d 732] [restitution fine imposed as a condition of probation remains in force despite revocation of probation]; cf. *People v. Arata* (2004) 118 Cal.App.4th 195, 201 [12 Cal.Rptr.3d 757] ["Despite the fact that the restitution fine is imposed as a condition of probation, . . . it survives the probationary term"].)

■ "[T]he granting of probation is not a right but a privilege, and . . . if the defendant feels that the terms of probation are harsher than the sentence for the substantive offense[,] he is free to refuse probation." (*People v. Miller* (1967) 256 Cal.App.2d 348, 356 [64 Cal.Rptr. 20]; see also *In re Osslo* (1958) 51 Cal.2d 371, 377 [334 P.2d 1].) Having voluntarily agreed to the terms of probation, a defendant cannot use his own breach of those terms as a basis for evading the properly imposed restitution obligation he assumed. A probationer is not entitled to be rewarded by virtue of his violation of a probation condition.

## DISPOSITION

The order appealed from is affirmed.

Nott, J., and Ashmann-Gerst, J., concurred.