Filed 10/11/13  P. v. Phillips CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072874 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F08442) |
| v. | |
| TYLER L. PHILLIPS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tyler L. Phillips has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall modify the judgment to impose a necessary fine.  We direct the abstract be amended accordingly, as well as corrected to reflect defendant's remaining financial obligations and credits.

**BACKGROUND**

On an evening in October 2008, law enforcement officers observed defendant driving a stolen car.  Defendant attempted to flee but was tasered and detained without further incident.

1

Defendant pleaded guilty to unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a).) The trial court suspended imposition of sentence and placed defendant on formal probation for five years on the condition, among others, that he serve 150 days in jail with credit for 72 days. The court also ordered him to pay $1,000 in victim restitution (Pen. Code, § 1202.4, subd. (f)), a $200 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $200 restitution fine suspended unless probation is revoked (Pen. Code, § 1202.44), and a $20 court security fee (Pen. Code, § 1465.8, subd. (a)(1)). A charge of receiving stolen property (Pen. Code, § 496) was dismissed in the interest of justice.

In March 2009, December 2010, January 2011, March 2011 and November 2011 the trial court found that defendant had violated his probation and, each time, it reinstated probation on the condition that defendant serve an additional period of incarceration. At both his March and November 2011 hearings, defendant entered a "*Johnson* waiver," that is, pursuant to *People v. Johnson* (2002) 28 Cal.4th 1050, he agreed that he would not receive more than 365 days of presentence credit if a prison sentence were imposed.

On August 2, 2012, defendant tested presumptive positive for marijuana and methamphetamine. Defendant admitted having smoked methamphetamine with another probationer.

Following a contested hearing, the trial court found that defendant had violated his probation in that he failed to notify probation of a change of address, tested positive for marijuana and methamphetamine, and associated with a known drug user. On January 4, 2013, the court sentenced defendant to the upper term of three years of incarceration. It awarded defendant 365 days of custody credit (the maximum available to defendant for his time in custody before his latest arrest in August 2012 due to the *Johnson* waivers) and 156 days of custody credit for his latest incarceration (August 2, 2012, to January 4, 2013) as well as 156 days of conduct credit for that same time period. The court did not

reference defendant's extant financial obligations (previously imposed as conditions of probation), nor did it impose the (suspended) probation revocation restitution fine.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review discloses the need to modify the judgment to impose the probation revocation restitution fine. Our review also discloses the need to correct the abstract. Box 5 should reflect the extant victim restitution and the fines and fees previously imposed as conditions of probation. (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 822 ["We hold that a restitution fine imposed at the time probation is granted survives the revocation of probation"]; *People v. Kleinman* (2004) 123 Cal.App.4th 1476, 1481 ["Having voluntarily agreed to the terms of probation, a defendant cannot use his own breach of those terms as a basis for evading the properly imposed restitution obligation he assumed"].)

Further, Box 14 should reflect defendant's "actual local time" as 521 days--365 days served prior to defendant's August 2, 2012 arrest plus 156 days served after his arrest. Defendant's "local conduct credits" should be reflected as 156 days.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to impose the probation revocation restitution fine. As modified, the judgment is affirmed. The trial court is directed to prepare an amended

3

abstract of judgment, corrected to properly reflect defendant's financial obligations as well as his credits, and to forward a certified copy to the relevant authorities.

                                                     _____DUARTE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.