Filed 10/21/22 P. v. Ortiz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER WILLIAM ORTIZ,<br><br>        Defendant and Appellant. | A165255<br><br>(Napa County<br>Super. Ct. No. 19CR002101) |

Defendant Christopher William Ortiz appeals from an order terminating his probation and executing a previously imposed but suspended three-year prison sentence for felony corporal injury. Appointed counsel has filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. Having reviewed the record, we modify the judgment to add a mandatory fine and victim restitution, and direct the trial court to correct errors in the abstract of judgment to conform with the trial court's oral pronouncement of judgment. In all other respects, the judgment is affirmed.

## BACKGROUND

Ortiz was charged by information with one count of felony stalking (Pen. Code,[1] § 646.9, subd. (b)); three counts of misdemeanor contempt of court (§ 166, subd. (c)(1)) for violating a protective order and/or stay away order issued pursuant to section 136.2 in a pending criminal proceeding involving domestic violence; one count of felony vandalism over $400 (§ 594, subd. (b)(1)); and one count of felony corporal injury to spouse, cohabitant, child's parent, fiancé, former fiancé, dating relationship, or previous dating relationship (§ 273.5, subd. (a)).

Ortiz pled no contest to count one for violating section 646.9, reduced to a misdemeanor, and to felony corporal injury in violation of section 273.5, subdivision (a). The trial court dismissed the other counts pursuant to a *Harvey* waiver[2], suspended execution of a three-year prison term, and placed Ortiz on five years' formal probation on the conditions, among others, that he obey all laws and reasonable orders of the probation officer. Additionally, the court ordered Ortiz to serve 160 days in county jail.

The court also ordered Ortiz to make restitution to the victim in an amount to be determined and pay a $300 domestic violence fine (§ 1203.097, subd. (a)(5)), a $300 fine to the battered woman's shelter (§ 1203.097, subd. (a)(11)(A)), a $300 restitution fine (§ 1202.4), a $300 restitution fine suspended unless probation is revoked (§ 1202.44), a $80 court security fee (§ 1465.8); and a $60 criminal conviction assessment (Gov. Code, § 70373).

In the following two years, the probation officer filed five separate petitions to revoke probation alleging that Ortiz violated his probation. The

---

[1] All further undesignated statutory references are to the Penal Code.

[2] See *People v. Harvey* (1979) 25 Cal.3d 754.

first petition alleged that Ortiz failed to successfully complete a residential program and to obtain the permission of the probation officer before leaving the program. Based on those allegations, the court revoked Ortiz's probation. Ortiz waived a probation violation hearing and admitted that he was in violation of probation as alleged in the first petition. The court reinstated Ortiz's probation on the same terms and conditions, with a modified condition that Ortiz serve an additional 90 days in county jail.

The second and third petitions to revoke probation alleged that Ortiz violated his probation on two separate occasions by failing to obey all laws, violations he admitted. The trial court revoked and reinstated his probation on the same terms and conditions without modification.

The fourth petition to revoke probation alleged that Ortiz failed to obey all reasonable orders of the probation officer and failed to abide by all rules and regulations of the Drug Court program. The trial court revoked Ortiz's probation and ordered him removed from the Drug Court program. The probation officer subsequently amended the fourth petition to additionally allege that Ortiz entered a place where alcohol is sold as a primary income of the business.

A week later, after Ortiz was arrested for domestic battery, the probation officer filed a fifth petition to revoke probation, alleging that he failed to obey all laws and was in a place where alcohol is sold as the primary income of the business. Ortiz admitted the amended fourth petition and the fifth petition. The court set the matter for sentencing.

At the sentencing hearing, the court terminated Ortiz's probation, ordered into execution the previously imposed but suspended three-year prison sentence, and awarded Ortiz 368 days of custody credit and 194 days of conduct credit. The court also ordered him to pay a $300 restitution fine

and a $300 restitution fine suspended unless parole is revoked, and stated that "[a]ny prior fines and fees remain in effect."

Ortiz timely appealed from the order terminating his probation and sentencing him.[3]

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised Ortiz of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from Ortiz.

After independently reviewing the record, we have found several errors in the judgment. First, the abstract of judgment does not accurately reflect the trial court's oral pronouncement. Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

At the sentencing hearing, the trial court orally pronounced that "[a]ny prior fines and fees remain in effect." The abstract of judgment, however, does not reflect all previously ordered fines and fees, including a $300

---

[3] Having not obtained a certificate of probable cause, Ortiz properly appeals only those matters occurring after his plea that do not affect the validity of his plea. (§ 1237.5.) He is also prohibited from challenging the validity of his admissions of probation violations. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1186–1187 [certificate of probable cause requirement applies to admissions of probation violations].)

4

domestic violence fee (§ 1203.097, subd. (a)(5))[4] and a $300 fine to the battered woman's shelter (§ 1203.097, subd. (a)(11)(A)) the trial court imposed as conditions of Ortiz's probation. The trial court's general reference to prior fees and fines in its oral pronouncement of the sentence was proper, but after oral pronouncement occurs, " '[t]he responsibility then falls to the trial court clerk to specify the penalties and surcharges in appropriate amounts in the minutes, and more importantly, the abstract of judgment.' " (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1373; see also *People v. High* (2004) 119 Cal.App.4th 1192, 1200 ["All fines and fees must be set forth in the abstract of judgment"].) The minute order confirms that previous fees are to remain in effect, but it does not separately identify those fees and their amounts. Therefore, we will direct the trial court to correct both the minute order and the abstract of judgment accordingly.

Moreover, the abstract of judgment lists incorrect amounts for assessments the trial court previously imposed under section 1465.8 and Government Code section 70373. When it placed Ortiz on probation, the trial court imposed a $80 court security fee and a $60 conviction assessment pursuant to those sections, amounts that properly accounted for Ortiz's two convictions. (§ 1465.8, subd. (a)(1) ["an assessment of forty dollars ($40) shall be imposed on *every conviction* for a criminal offense . . . ," italics added]; Gov.

---

[4] We note that the trial court, when it imposed the domestic violence fee as a condition of Ortiz's probation, reduced the amount of the fine below the statutory minimum. Under section 1203.097, subdivision (a)(5)(A), the defendant is to make a minimum payment of $500, and if the court exercises its discretion to reduce the fee, "it shall state the reason on the record." Here, the trial court imposed a $300 fee under section 1203.097, subdivision (a)(5), but failed to state its reason for reducing the fee on the record. Nonetheless, the prosecution did not object, and thus any objection to that omission was waived. (*People v. Tillman* (2000) 22 Cal.4th 300, 302–303.)

Code, § 70373, subd. (a)(1) ["an assessment shall be imposed on *every conviction* for a criminal offense" in the amount of $30 for a felony or misdemeanor, italics added].) The abstract of judgment, however, reflects a $40 court security fee and a $30 conviction assessment. Accordingly, we will order the trial court to amend the abstract of judgment to impose a $80 court security fee under section 1465.8 and a $60 criminal conviction assessment under Government Code section 70373 to conform with the trial court's oral pronouncement.[5]

Second, upon revocation of probation, the trial court was required to lift the stay on the probation revocation restitution fine under section 1202.44, as imposition of that fine is mandatory once probation has been revoked. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.) Here, the court, after revoking Ortiz's probation, did not lift the stay on the $300 probation revocation restitution fine, and neither the abstract of judgment nor the minute order list the fine. The judgment should therefore be modified to reflect imposition of the $300 probation revocation fine.

Third, the section for victim restitution in section 5 in the abstract of judgment form was left blank but should reflect the victim restitution

---

[5] We note that because the abstract of judgment reflects only Ortiz's felony conviction, listing the assessments in amounts accounting for both of his convictions may give the appearance that those assessments were improperly doubled. Nonetheless, there is no authority requiring an abstract of judgment to list a misdemeanor conviction. The abstract of judgment is "the order sending the defendant to prison and 'the process and authority for carrying the judgment and sentence into effect.' " (*In re Black* (1967) 66 Cal.2d 881, 890.) But as noted above, there is authority requiring a court to list all fees, fines, and assessments in the abstract of judgment. (*People v. High, supra,* 119 Cal.App.4th at p. 1200.) Moreover, while the abstract of judgment forms do not provide entries for misdemeanor offenses, the forms provide an entry for "other orders" where the trial court could presumably list the fines and fees for misdemeanor convictions.

previously imposed as a condition of Ortiz's probation. (*People v. Kleinman* (2004) 123 Cal.App.4th 1476, 1481 ["Having voluntarily agreed to the terms of probation, a defendant cannot use his own breach of those terms as a basis for evading the properly imposed restitution obligation he assumed"].) Although the trial court did not mention the previously-ordered victim restitution in its oral pronouncement revoking probation, victim restitution under section 1202.4 is mandatory, "and a sentence without a restitution award is invalid." (*Id.* at pp. 1480–1481.) We may correct the legally unauthorized sentence. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413–1415.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Ortiz.

## DISPOSITION

The judgment is modified to impose a $300 probation revocation restitution fine under section 1202.44 and victim restitution in an amount to be determined. The trial court is directed to correct the minute order and the abstract of judgment to reflect all fines, fees, and assessments imposed by the trial court and the correct amount and statutory basis for each. A certified copy of the amended abstract of judgment is to be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

7